**William HOPE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 93–3207.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 8, 1994.

Decided Dec. 23, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied Feb. 15, 1995.

---

Dennis Doherty, Frederick F. Cohn (argued); and Gregory J. Schlesinger, Schlesinger & Krasny, Chicago, IL, for petitioner-appellant.

Matthew R. Bettenhausen, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Crim. Div. and Barry Rand Elden, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for respondent-appellee.

Before WELLFORD,* MANION, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

A federal district court jury convicted William Hope of unlawfully possessing a firearm as a convicted felon. The district judge sen-

---

* The Honorable Harry W. Wellford of the Sixth    Circuit, sitting by designation.

tenced Hope to thirty years imprisonment after finding that he had three prior violent felony convictions; we upheld Hope's conviction and sentence on direct appeal. *United States v. Hope*, 906 F.2d 254 (7th Cir.1990), *cert. denied*, 499 U.S. 983, 111 S.Ct. 1640, 113 L.Ed.2d 735 (1991).

Hope then attacked his sentence collaterally by way of a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. He alleged in his motion that his attorneys at various stages of his criminal justice experiences have been constitutionally ineffective. The district court denied his motion on April 27, 1993. On May 4 and May 21, 1993, Hope filed motions to extend the time to file a "Motion For Reconsideration" with the district court. The government did not object to either motion and the district court granted both through minute orders. On June 14, 1993, Hope filed a Motion For Reconsideration with the district court, seeking review of its denial of his § 2255 petition. The district court denied Hope's Motion For Reconsideration on August 3, 1993. Ten days later, on August 13, 1993, Hope filed his notice of appeal from the district court's dismissal of his § 2255 petition and the district court's denial of his Motion For Reconsideration.

■ The district court clerk did not complete Form AO 450, entitled JUDGMENT IN A CIVIL CASE, as is the usual and prudent practice when disposing of civil claims, such as § 2255 petitions. However, the clerk completed a minute order form that is self-contained and complete, sets forth the relief to which the prevailing party is entitled, does not incorporate another document or other legal reasoning, and otherwise unambiguously communicates the district court's final disposition of the proceedings. This is what Rule 58 requires. *American Nat'l Bank & Trust v. Secretary of HUD*, 946 F.2d 1286, 1289 (7th Cir.1991). The minute order box "[Other docket entry]" is

checked, but this fact does not destroy the judgment's finality.[1] We will accept the minute order form as the required separate document in this case, but we remind the clerks of the district courts that Form AO 450 is the preferred and sound vehicle for complying with Rule 58. Thus, the district court's dismissal of Hope's § 2255 petition became final and appealable on April 27, 1993.

■ Our jurisdiction to review the district court's dismissal of Hope's petition fails, however, because Hope did not file his notice of appeal within the time required by FEDERAL RULE OF APPELLATE PROCEDURE ("FED.R.APP.P.") 4. In a civil case against the United States, a party has sixty days to file its timely notice of appeal. FED.R.APP.P. 4(a)(1). A petition brought pursuant to 28 U.S.C. § 2255 by a federal prisoner constitutes a civil suit subject to this rule. FED.R. ON MOTION ATTACKING SENTENCE UNDER 28 U.S.C. § 2255 No. 11. Timely notice of appeal is mandatory and jurisdictional, meaning that "if an appellant does not file his notice of appeal on time, we cannot hear his appeal." *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1561 (7th Cir.1990) (en banc). The district court entered its minute order signifying final judgment on April 27, 1993; William Hope filed his notice of appeal on August 13, 1993, more than 30 days after it was due.

Various post-judgment motions to the district court toll the time for filing a timely notice of appeal. FED.R.APP.P. 4(a)(4). Two such motions are motions to alter or amend the judgment under FED.R.CIV.P. 59, which must be filed within 10 days of the entry of judgment, and relief under FED.R.CIV.P. 60, if served within 10 days after the entry of judgment. FED.R.APP.P. 4(a)(4)(C) & (E). Hope apparently wished to move, under Rule 59(e), the district court to alter or amend its dismissal of his claim.[2] However, Hope did

**1.** As an aside we note that one reason for the Rule 58 requirement of a separate document "is to ensure that the parties and the appellate court can be certain about the proper timing of the appeal." *Smith v. Village of Maywood*, 970 F.2d 397, 400 (7th Cir.1992). As will be seen, Hope overran the time for filing a notice of appeal from the district court's denial of his § 2255 petition, but there is no indication that the dis-

trict court's use of an AO 450 form would have caused him to file a timely notice. In fact, Hope did not raise the Rule 58 separate document issue in his brief or argument.

**2.** Hope styled his motion as a "Motion For Reconsideration," a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure.

not file his motion within 10 days of the district court's judgment. Instead, he filed motions on May 4 and May 21 to extend the time in which to file his generic Motion For Reconsideration. The district court granted both motions to extend time by issuing minute orders to that effect. Hope finally filed his Motion For Reconsideration on June 14, thirteen days before his notice of appeal was due.

■ Two principles of appellate practice are applicable to these facts. First, the district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e). FED.R.CIV.P. 6(b), 59(e); *Bailey v. Sharp*, 782 F.2d 1366 (7th Cir.1986). Second, a motion to alter or amend a judgment under Rule 59(e) that is filed more than 10 days after entry of judgment automatically becomes a Rule 60(b) motion. *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). So, while Hope did not file a proper motion to alter or amend a judgment under Rule 59(e), he did file a proper motion under Rule 60(b). The district court had jurisdiction to hear his Motion For Reconsideration on this basis, but Hope's motion did not toll the time for filing a notice of appeal. Appellate Rule 4(a)(4) specifically states that a Rule 60(b) motion will not toll the time for filing notice of appeal unless it is filed within 10 days of judgment. FED.R.APP.P. 4(a)(4)(f). Therefore, because the time was not tolled, Hope's notice of appeal was late.

■ Hope argues that, by granting his motions to extend the time in which to file his Motion For Reconsideration, the district court led him to believe that his substantive motion tolled the time for filing his notice of appeal. This argument invokes the doctrine of "unique circumstances."

■ The doctrine of unique circumstances relieves a party from the consequences of filing a late notice of appeal where the district court has affirmatively assured the party that his motion has tolled the time for filing a notice of appeal. *Thompson v. Immigr. & Naturalization Serv.*, 375 U.S. 384, 387, 84 S.Ct. 397, 399, 11 L.Ed.2d 404 (1964). *Thompson* held that where a petitioner per-

formed an act which, if properly done, would have postponed the deadline for filing his appeal, and the district court concluded erroneously that the act had been properly done, the party may proceed as though the time for appeal has been postponed. *Id.* However, this is a narrow doctrine. The Supreme Court has interpreted *Thompson* to require a "specific assurance by a judicial officer" that the necessary act has been properly done. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989). And we have interpreted *Osterneck* to require something more affirmative than a minute order granting a party's motion for extending the time to file a Rule 59 motion for unique circumstances to exist. *Green v. Bisby*, 869 F.2d 1070, 1072 (7th Cir.1989).

The district court did nothing more than enter minute orders granting Hope's motions for extending the time in which to file his Motion For Reconsideration. Furthermore, Hope did not style his motions as calling for relief under Rule 59(e). In his motions to extend the time in which to file his substantive post-judgment motion, Hope referred to the forthcoming motion as a "Motion For Reconsideration." The district court judge may have assumed that Hope intended to move for relief under Rule 60(b) because Hope planned not to file his motion until after Rule 59(e)'s ten day limit. We will not allow Hope's ambiguity to extract from the district court an improper extension of time under the guise of unique circumstances. Therefore, we hold, consistent with *Green*, that the district court's minute orders granting Hope's pleas for extensions of time did not constitute the sort of specific assurances that might trigger the unique circumstances doctrine. These orders did not assure Hope that his time for appeal was tolled. They merely acknowledged that the court would consider Hope's Motion For Reconsideration in some vein even if Hope wanted to file it more than ten days after the court's judgment. Notably, the district court ultimately treated Hope's Motion For Reconsideration as a Rule 60(b) motion, indicating the court understood that the motion could not be treated as a Rule 59(e) motion. It is not the district court's duty, nor the U.S. Attorney's

duty,[3] to sort through post-judgment motions and advise the moving party whether his appeal clock remains ticking. So long as the district court granted Hope no specific assurance that his motion tolled the appeal clock, no unique circumstances existed and the appeal clock remained running.

We lack subject matter jurisdiction over the district court's dismissal, but we may review the district court's denial of Hope's Motion For Reconsideration. *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994). We review the district court's judgment for abuse of discretion; such abuse exists "only in situations in which no reasonable person could agree with the district court." *Id.* (citations omitted).

The case that authorizes district courts to review late Rule 59(e) motions as Rule 60(b) motions elucidates that "substantive motions ... must be shaped to the specific grounds for modification or reversal found in 60(b)—they cannot be general pleas for relief." *Deutsch,* 981 F.2d 299, 301 (citations omitted). Hope's Motion For Reconsideration was not shaped accordingly. He invoked his original § 2255 claims of constitutionally ineffective counsel, adding the twist that his counsel on direct appeal had a conflict of interest. He did not aver a cognizable ground for relief under Rule 60(b). In denying Hope's motion, the district court noted that Rule 9(b) of the Rules Governing § 2255 Proceedings allows dismissal of a successive motion that alleges no new or different grounds or alleges new grounds that the movant could have raised earlier. And Rule 60(b)(2) requires newly discovered evidence to reopen a judgment. The district judge quite reasonably concluded that Hope's Motion For Reconsideration offered nothing new. Hope alleged a new angle in his Motion For Reconsideration (his appeal lawyer's conflict of interest), but he could have raised this issue earlier. He did not present newly discovered evidence, and we find no other reason that would justify reopening Hope's sentence for further review. The district court did not abuse its discretion in denying

Hope's Motion For Reconsideration in this matter. We AFFIRM.

---

3. Hope also tries to obviate the consequences of his attorney's mistaken understanding of the law by blaming the government for not objecting to his motions to extend time.