92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mary TINSLEY, Plaintiff-Appellant,
v.
CITY OF INDIANAPOLIS, Defendant-Appellee.
 No. 95-2877.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's denial of a motion brought under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, we affirm.
 
 
 2
 On September 30, 1994, Mary Tinsley filed a complaint, which was amended several times, against the City of Indianapolis requesting relief for alleged false imprisonment when Indianapolis police had her involuntarily committed at a local hospital for a 72-hour period. After repeatedly admonishing Tinsley to amend her complaint to allege that the constitutional infringement was the result of an official policy, custom, or practice of the municipality, Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 691 (1978), on January 4, 1995, the district court entered final judgment dismissing Tinsley's complaint as frivolous, 28 U.S.C. § 1915(d). No direct appeal was filed.
 
 
 3
 On July 12, 1995, Tinsley filed a motion requesting reconsideration of the dismissal of her complaint. Since Tinsley's motion was filed more than ten days after entry of judgment, it was treated as a motion to correct errors under Federal Rule of Civil Procedure 60(b). See Hope v. United States, 43 F.3d 1140, 1143 (7th Cir.1994), cert. denied, 115 S.Ct. 2588 (1995). The district court denied this motion on July 18, 1995.
 
 
 4
 Beginning on July 21, 1995, Tinsley filed several requests for permission to file a late notice of appeal from final judgment, claiming that she did not receive notice of the January 4, 1995 entry of judgment dismissing her complaint until July 20, 1995. Her requests were denied on August 4, 1995. Thereafter, Tinsley filed a timely notice of appeal from the denial of her Rule 60(b) motion.
 
 
 5
 With the exception of the denial of a claim for relief from a void judgment, which is reviewed de novo, Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 400 (7th Cir.1986), the denial of a Rule 60(b) motion is reviewed for an abuse of discretion, Lee v. Village of River Forest, 936 F.2d 976, 979 (7th Cir.1991). Rule 60(b) provides, in pertinent part:
 
 
 6
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 7
 A party requesting relief under Rule 60(b) is not entitled to a review of the merits of the underlying judgment. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994).
 
 
 8
 Tinsley claims excusable neglect--she argues that her complaint was improperly construed as an action under 42 U.S.C. § 1983 and that she intended to file only a "general lawsuit." However, if Tinsley's complaint is only a "general lawsuit" and not a claim for relief under § 1983, there is no federal jurisdiction. To the extent that Tinsley asserts that her false imprisonment was unconstitutional, she challenges the merits of the denial of her complaint. Tinsley's Rule 60(b) motion was properly denied.
 
 
 9
 Tinsley argues, however, that she is entitled to appellate review of the judgment dismissing her complaint. Specifically, she maintains that since she did not receive notice of the entry of judgment until July 20, 1995, her requests to extend the time for filing an appeal should have been granted. Federal Rule of Appellate Procedure 4(a)(6) (emphasis added) provides:
 
 
 10
 The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of the receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 11
 Since Tinsley's requests for an extension of time to file an appeal were filed more than 180 days after the entry of judgment, the district court was without the authority to reopen the time for appeal.
 
 
 12
 For the above-stated reasons, the judgment of the district court is AFFIRMED.[1]
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In her appellate brief, Tinsley requests reimbursement from this court for three certified letters she sent to the "Judicial Counsel of the Seventh Circuit Governing Complaints of Judicial Misconduct or Disability" reporting the alleged misconduct of district court judge Sarah Evans Barker, the judge presiding over Tinsley's case. We cannot conceive of any grounds for such remuneration from this tribunal. We also note that Tinsley does not assert any grounds supporting a claim of judicial misconduct