111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lanre O. AMU, Plaintiff-Appellant,
v.
COMMONWEALTH EDISON COMPANY, Defendant-Appellee.
 No. 95-3487.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Decided April 11, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Lanre Amu appeals the district court's denial of his motion for reconsideration of summary judgment for defendant in this employment discrimination action.
 
 
 2
 Alleging that Commonwealth Edison (ComEd) had discriminated against him in his employment conditions because of his race (black) and national origin (Nigerian), Amu filed suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The district court entered summary judgment in favor of ComEd on August 9, 1995. On August 10, Amu requested permission to file a motion for reconsideration. In granting permission, the district court stated that Amu's motion was to be filed by August 24. Amu filed his motion on August 24, eleven days (excluding weekends and holidays) after the entry of judgment. On August 28, the district court denied the motion for reconsideration, and its order was entered August 29. Amu filed a notice of appeal on October 18, 1995, and the district court granted his motion for an extension of the time period to file a notice of appeal, Fed.R.App.P. 4(a)(5).
 
 
 3
 The structure of the Federal Rules of Civil Procedure and Appellate Procedure make the timing of these events important. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment, and the time period cannot be extended, Fed.R.Civ.P. 6(b); Hope v. United States, 43 F.3d 1140, 1143 (7th Cir.1994), cert. denied, 115 S.Ct. 2558 (1995). A motion to alter or amend the judgment that is filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Hope, 43 F.3d at 1143. Further, while a properly filed Rule 59(e) motion tolls the time in which to file a notice of appeal, a Rule 60(b) motion filed more than ten days after entry of judgment does not. Fed.R.App.P. 4(a)(4).
 
 
 4
 Amu's motion for reconsideration was filed eleven business days following entry of judgment and thus it should be treated as a Rule 60(b) motion for relief from judgment. Amu, essentially invoking the "unique circumstances" doctrine discussed in Thompson v. INS, 375 U.S. 384 (1964), Green v. Bisby, 869 F.2d 1070 (7th Cir.1989), and Varhol v. National R.R. Passenger Corp., 909 F.2d 1557 (7th Cir.1990) (en banc), argues that the district court, by giving him until August 24 to file his motion, misled him to his detriment regarding filing time limits. We have held, however, that the "unique circumstances" doctrine is inapplicable where district courts do no more than grant a litigant's request for an extension of time, even where granting that extension means that a litigant loses the benefits of filing a motion under Rule 59(e), such as tolling the appeal period or challenging the district court's legal conclusions. Hope, 43 F.3d at 1143-44; United States v. Dumont, 936 F.2d 292, 295 (7th Cir.1991); Green, 869 F.2d at 1072. Because Amu's motion did not toll the appeal period and his notice of appeal was filed more than 60 days after the district court's entry of judgment, but within 60 days of the district court's denial of the Rule 60(b) motion, this appeal is limited solely to consideration of whether the district court abused its discretion by denying Amu's Rule 60(b) motion.[1] Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 908 (7th Cir.1989); McKnight v. United States Steel Corp., 726 F.2d 333, 335 (7th Cir.1984); cf. Swaim v. Moltan Co., 73 F.3d 711, 716 (7th Cir.), cert. denied, 116 S.Ct. 2499 (1996).
 
 
 5
 "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." Provident Savings Bank v. Popovich, 71 F.3d 696, 698 (7th Cir.1995); Dickerson v. Board of Education, 32 F.3d 1114, 1116 (7th Cir.1994). "[W]e are limited to the question of whether a district court's Rule 60(b) determination involved an abuse of discretion, [so] we do not review the merits of the underlying judgment, and our review is far narrower than it would be on direct appeal." Provident Savings Bank, 71 F.3d at 698. We will find abuse of discretion only if no reasonable person could agree with the decision of the district court. Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994).
 
 
 6
 Federal Rule of Civil Procedure 60(b) provides that a party may be relieved of a judgment in cases involving:
 
 
 7
 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 8
 Amu's motion, however, does not present grounds which would fit into any of these six categories. Instead, he merely raises legal arguments challenging the district court's decision to grant summary judgment to ComEd and disputes the district court's summary of the evidence.
 
 
 9
 "This Court, however, has held that an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge." Parke-Chapley, 865 F.2d at 915. If the rule were construed otherwise, "a party could circumvent the ordinary time limitation for filing a notice of appeal." Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). And, in fact, that is the result in this case: Amu did not timely appeal the judgment against him, but his motion makes legal arguments and challenges to the district court's order. If we were now to review those arguments, we would effectively grant Amu an appeal of the summary judgment order.
 
 
 10
 Amu's motion for reconsideration offered nothing cognizable under Rule 60(b), and for that reason it was not an abuse of discretion to deny it. We add, however, that we would be no more likely to find an abuse of discretion if we were reviewing a properly filed Rule 59(e) motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Additionally, Amu argues that as a pro se litigant who was not aware of his appeal rights or of appeal deadlines, his failure to timely file a notice of appeal should be forgiven. Notice of appeal periods are jurisdictional, however, and failure to file within the defined periods cannot be forgiven. See, e.g., United States v. Marbley, 81 F.3d 51, 52 (7th Cir.1996); Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 135 (7th Cir.1996)