129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Upender SHARMA, Plaintiff-Appellant,
v.
SPRINT COMMUNICATIONS COMPANY L.P., Defendant-Appellee.
 No. 97-1513.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1997.*
Decided Oct. 28, 1997.
 
 Before FLAUM, RIPPLE and WOOD, Circuit Judges.
 
 ORDER
 
 1
 The sole issue on appeal over which this Court has jurisdiction is whether the district court abused its discretion in denying Sharma's Rule 60(b) motion to vacate the judgment, wherein Sharma argued that the district court improperly dismissed his cause of action pursuant to a settlement agreement. More specifically, Sharma claimed that because his attorney did not have the authority to settle his case and arrange for its dismissal, the district court's dismissal was erroneous. We find the district court did not abuse its discretion in denying Sharma's motion to vacate the judgment, and we therefore affirm.
 
 
 2
 Because Sharma did not file a timely notice of appeal with respect to the dismissal of the underlying action, we are without jurisdiction to consider the issues both parties raise regarding the dismissal of the action. See Donald v. Cook County Sheriff's Department, 95 F.3d 548, 553 (7th Cir.1996); Hope v. United States, 43 F.3d 1140, 1144 (7th Cir.1994). Sharma did not file notice of the present appeal until March 6, 1997, more than thirty days after judgment was entered on November 26, 1996. Fed. R.App. P. 4(a)(1). Sharma's motion to vacate, filed on December 26, 1996, did not toll the time to file a notice of appeal. Hope, 43 F.3d at 1143. Sharma's motion to vacate was filed more than 10 days after the entry of judgment and is considered a Rule 60(b) motion. Id. A Rule 60(b) motion must be filed within 10 days after the entry of judgment in order to toll the time for filing a notice of appeal. Id. (applying Fed. R.App. P. 4(a)(4)(F)).
 
 
 3
 Sharma does not indicate under which subsection of Rule 60(b) he seeks relief, but only subsection (6) arguably applies. Rule 60(b)(6), the catch-all provision, permits relief for "any other reason justifying relief from the operation of the judgment." Whether or not Sharma was entitled to relief under Rule 60(b)(6) lies within the sound discretion of the district court. Neuberg v. Michael Reese Hosp. Found., 1997 WL 421030, at 4 (7th Cir. July 29, 1997). "[A] motion under Rule 60(b)(6) is not a substitute for a timely motion in the district court to reconsider or a timely appeal. and ... an appellate court will rarely disturb a district court's decision on this kind of motion." Id. (citations omitted).
 
 
 4
 The district court held that Sharma failed to show any extraordinary circumstances that would justify disturbing the final judgment pursuant to Rule 60(b)(6) and denied Sharma's motion to vacate. Donald, 95 F.3d at 554 (citations omitted). After conducting an evidentiary hearing on the issues raised by the motion to vacate, the district court determined that Sharma's former attorney had the authority to enter into the settlement agreement with Sprint. The district court considered the testimony of both Sharma and his former attorney and explicitly found the attorney to be a more credible witness. Sharma's former attorney testified that Sharma had agreed orally to accept Sprint's offer, and the attorney believed that Sharma had given him the authority to settle the action. The district court held that Sharma failed to rebut this testimony. There is nothing in the record to indicate that the district court abused its discretion in so finding. Therefore, we affirm the judgment of the district court denying Sharma's Rule 60(b)(6) motion to vacate the judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)