**Clayborn SMITH, Jr., Plaintiff–Appellant,**

v.

**Charles W. ROPER, et al., Defendants–Appellees.**

No. 97–3855.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.[*]

Decided June 14, 2001.

Rehearing Denied July 25, 2001.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before BAUER, COFFEY, and
WILLIAMS, Circuit Judges.

## ORDER

Clayborn Smith, an inmate at the Menard Correctional Center, sued the warden and two correctional officers under 42 U.S.C. § 1983, claiming that he was denied due process of law during his disciplinary hearing and subjected to cruel and unusual punishment when he was placed in segregation. The district court granted summary judgment to the appellees and denied Smith's motion for reconsideration. We affirm.

On January 3, 1996, Smith was attacked in his cell and stabbed eleven times by two other inmates. As he was being escorted to the prison health facility, Smith told prison officials that he believed his attackers had thrown a weapon into his cell. A knife subsequently was discovered on the floor of his cell, and Smith was charged with possession of dangerous contraband. On January 8, 1996, Smith appeared before a Prison Adjustment Committee ("PAC") composed of appellees Charles W. Roper and Albert Esquivel. During the hearing Roper and Esquivel refused to permit Smith to call witnesses because he had not submitted such a request before the hearing. They also denied Smith's request to review the physical evidence and his request for a continuance. The PAC found Smith guilty and demoted him to "C" grade for a month, suspended his phone privileges for six days, and imposed six months of disciplinary segregation.

During the 22 days that Smith spent in segregation, he was deprived of his personal property, including his eyeglasses, a change of clothes, face cloth, bath towel, and other hygiene articles. He did not have a shirt, and the bed had only a sheet but no blanket. Because the segregation unit also had a broken window that was covered only with cardboard, Smith claims that he was constantly cold, and suffered from chapped skin, a rash, and cold and flu symptoms. Smith borrowed a grievance form from another inmate, which he filed to complain about the conditions in segregation. His complaint was not heard, however, because he had filled out the wrong form.

Smith also filed several grievances relating to the disciplinary proceedings, which were heard by appellee Verna Hutchison, a corrections grievance officer. She agreed with the PAC and recommended that Smith's grievances be denied. After a polygraph test indicated that Smith testified truthfully when he denied possession of the knife found in his cell, the Administrative Review Board ("ARB") expunged Smith's disciplinary report and awarded him compensation. Smith then filed the present action pursuant to 42 U.S.C. § 1983, claiming that his original disciplinary proceedings violated due process and that the conditions of confinement while in segregation were cruel and unusual punishment in violation of the Eighth Amendment.

Appellees filed a motion to dismiss and Smith responded, attaching several documents and affidavits. As a result the district court construed the motion as one for summary judgment and gave the parties two weeks to submit additional materials in support of their briefs. Neither party supplemented its brief. The district court granted appellees' motion for summary judgment and denied Smith's cross-motion for judgment on the pleadings. The court held that Smith failed to establish a due process violation because the punishment

imposed did not implicate a liberty interest protected by the Constitution. The court further held that Smith did not state an Eighth Amendment claim because the conditions of confinement that he endured, while severe, were not sufficiently serious to constitute cruel and unusual punishment.

Smith filed a motion to renew his motion for judgment on the pleadings.[1] The district court denied the motion, rejecting Smith's contention that the court had ignored evidence and holding that no constitutional violations occurred. Smith filed a timely notice of appeal from the underlying judgment as well as the denial of his post-judgment motion.

■■■ We review the grant of summary judgment de novo, and view all inferences in the record in a light most favorable to Smith. *See Dixon v. Godinez,* 114 F.3d 640, 642–43 (7th Cir.1997). The district court properly granted summary judgment on Smith's due process claim because imposition of disciplinary segregation does not automatically invoke a sufficient liberty interest to warrant due process protection. *See Sandin v. Connor,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In *Sandin* the Supreme Court held that prison disciplinary actions required due process of law only when the restraint on liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (internal citations omitted). We have repeatedly held that disciplinary seg-

regation does not create that type of hardship. *Walker v. O'Brien,* 216 F.3d 626, 630 n. 3 (7th Cir.2000); *Thomas v. Ramos,* 130 F.3d 754, 762 (7th Cir.1997); *Wagner v. Hanks,* 128 F.3d 1173, 1176 (7th Cir.1997) ("when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty"). In light of *Sandin,* the deprivations that Smith suffered as a result of the disciplinary proceedings–namely, 22 days in segregation, a six-month loss of privileges associated with his demotion to "C" class, and six days without phone privileges–do not implicate a liberty interest.[2]

■■■ Smith also claimed that the appellees subjected him to cruel and unusual conditions of confinement while he was in segregation. In order to succeed on a claim that the conditions of confinement violated the Eighth Amendment, the prisoner must establish both prongs of a two-part test. First, the alleged deprivation must be objectively "sufficiently serious" and, second, the prisoner must show that officials acted with subjective "deliberate indifference." *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir.1996). The district court, acknowledging that it was somewhat of a "closer call," rejected Smith's claim for failure to satisfy the objective "suffi-

1. Neither Smith nor the district court specified whether Smith's motion to reconsider was brought pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. We construe the motion under Rule 60(b) because it was filed more than ten days after the initial judgment. *See Browder v. Dir., Dept. of Corr.,* 434 U.S. 257, 263, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir.1994).

2. The district court also properly dismissed Smith's § 1983 claim against Hutchison. The fact that a corrections officer gives an unfavorable ruling on a prisoner grievance that is later reversed on administrative appeal does not create a constitutionally protected interest. *See Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir.1982).

ciently serious" prong of the test. The district court correctly noted that the Eighth Amendment requires prison officials to maintain "humane conditions of confinement," which must not exceed "contemporary bounds of decency," *see Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir.1994), and includes adequate food, clothing, shelter and medical care, *see Farmer,* 511 U.S. at 832–33, 114 S.Ct. 1970. Smith was deprived of hygiene items, clothing (including a shirt), a blanket, grievance forms, his prescription eyeglasses, and was subjected to a cold cell near a broken window for 22 days in January. None of these facts is disputed. Yet we are not as convinced as was the district that Smith failed to establish an objective violation of the Eighth Amendment. The defendants offered no evidence to rebut Smith's allegations and his supporting affidavits even though the district court provided them opportunity to do so. As we read the record construed in Smith's favor, his allegations and supporting affidavits could support a finding that his conditions of confinement, particularly with respect to the cold temperature of the cell, were sufficiently severe to satisfy the first prong of the Eighth Amendment inquiry. *See Del Raine v. Williford,* 32 F.3d 1024, 1033–34 (7th Cir.1994) (collecting cases and holding that "plaintiff is entitled to have the trier of fact determine whether the conditions of his [confinement], principally with regard to cell temperature and the provision of hygiene items, violated the minimal standards required by the Eighth Amendment."); *see also Dixon,* 114 F.3d at 642 ("prisoners have a right to protection from extreme cold").

■ Even if Smith can satisfy the objective prong, however, his Eighth Amendment claim fails because he cannot establish the test's second prong. A prison official cannot "incur § 1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *See Vance v. Peters,* 97 F.3d 987, 992 (7th Cir.1996); *Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985) ("official sued in his or her personal capacity can only be held liable for his or her individual wrongdoing"). Smith claimed only that Roper and Esquivel were responsible for placing him in segregation initially; he did not assert that these officers had knowledge of his conditions in segregation. Because Smith failed to produce any evidence linking the named defendants to the cell conditions, his Eighth Amendment claim fails.

■ Finally, we reject Smith's argument that the district court erroneously denied his motion to reconsider. We review the district court's decision to deny a Rule 60(b) motion to reconsider only for an abuse of discretion, *see Publicis Communication v. True North Communications, Inc.,* 206 F.3d 725, 730 (7th Cir.2000), and will affirm unless it is clear that "no reasonable person could agree with the district court," *McCormick v. City of Chicago,* 230 F.3d 319, 326–27 (7th Cir.2000). Rule 60(b) permits a court to "relieve a party ... from a final judgment," for mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud, a void judgment; a judgment satisfied; or "any other reason justifying relief." But Rule 60 relief is "an extraordinary remedy and is granted only in exceptional circumstances," *see McCormick,* 230 F.3d at 327 (internal quotations and citation omitted). But it is not a substitute for a timely filed appeal; "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000).

■ Here, the district court did not abuse its discretion because Smith's arguments lie beyond the parameters of Rule 60(b). Smith's motion claimed only that the district court's "errors and misapprehinsion [sic] of the record and overlooked facts" required reversal of its prior decision. But Smith's arguments that the court misinterpreted or disregarded evidence cannot "be shoehorned into grounds for Rule 60(b) relief." *See Cash v. Ill. Div. of Mental Health,* 209 F.3d 695, 698 (7th Cir.2000). Smith's claims were wholly outside the class of mistakes Rule 60 corrects, and the court adequately explained its basis for denying the motion. We will not disturb that decision on appeal.

AFFIRMED.