**BANNER RESTORATIONS, INC.,**
Plaintiff–Appellant,

v.

**CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING, AND CAULKING INDUSTRY, LOCAL NO. 52, Tuckpointers Pension Plan, Local 52, and Tuckpointers Defined Contribution Annuity Trust Fund, Local 52, Defendants–Appellees.**

No. 04–1685.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 29, 2004.

Decided Dec. 14, 2004.

Rehearing Denied Jan. 11, 2005.

Gerard C. Smetana, Smetana & Avakian, Chicago, IL, for Plaintiff–Appellant.

Alan H. Auerbach, Baum, Sigman, Auerbach, Neuman & Katsaros, Chicago, IL, for Defendants–Appellees.

Before KANNE, EVANS, and SYKES, Circuit Judges.

**ORDER**

On July 11, 2003, the district court granted a motion for summary judgment in favor of defendants, joint labor-management trust funds established to provide pension and welfare benefits to employees. Judgment was entered on July 21, 2003. Three days later, plaintiff Banner Restorations, Inc. filed a motion under Rule 59(e) to alter or amend the judgment. The district court denied the motion on August 1. Later that same day, Banner filed a motion requesting leave to file an amended Rule 59(e) motion, which was denied on February 17, 2004. The company filed its notice of appeal on March 18.

The funds argue that we do not have jurisdiction to hear the appeal because Banner did not file a timely notice of

appeal. We agree. The filing of a timely notice of appeal is "mandatory and jurisdictional." *United States v. Lilly*, 206 F.3d 756, 760 (7th Cir.2000). Generally, a party in a civil case has 30 days from the entering of a final judgment to file a notice of appeal. Fed. R.App. P. 4(a)(1)(A). That deadline can be extended until 30 days after the entry of an order disposing of certain enumerated motions, including a Rule 59 motion to alter or amend a judgment. *Id.* at 4(a)(4)(A). Thus, Banner had until 30 days from August 1, 2003 (the day the district court denied its Rule 59(e) motion), to file its notice of appeal. The notice was not filed, however, until March 18, 2004, more than 6 months late.

Banner argues that the 30 days did not begin to run until February 17, 2004, when the district court denied its motion requesting leave to file an amended Rule 59(e) motion. But a motion requesting leave to file an amended Rule 59(e) motion is fundamentally different from a Rule 59(e) motion to alter or amend a judgment, and a motion requesting leave to file an amended Rule 59(e) motion is not included in the very specific list of motions under Rule 4(a)(4)(A) that prolong the period to file a timely notice of appeal. Therefore, the motion seeking leave to file an amended Rule 59(e) motion did not toll the time to file a notice of appeal.

Banner also claims it filed an "Amended Rule 59(e) motion" on August 1. There is no record of that filing (the company says the filing was never recorded and was subsequently lost by the district court). But, even if Banner did, in fact, file that motion, it should have quickly discovered that the motion requesting leave to file an amended Rule 59(e) motion was the only motion before the court. In fact, the court told Banner as much on August 8, 2003,

when it set a briefing schedule for the motion requesting leave to file an amended Rule 59(e) motion. At that point, if not before, it should have been clear to Banner that the court was considering only the company's motion for leave to file an amended Rule 59(e) motion, not the amended Rule 59(e) motion itself. As we have already discussed, the motion for leave to file an amended Rule 59(e) motion did not toll the time allowed to file a notice of appeal.

Thus, the relevant starting point here for the 30–day window to file a notice of appeal was August 1, 2003, and, because Banner did not file within 30 days of that date, we do not have jurisdiction to consider this appeal. *See, e.g., Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir.1994). Accordingly, the appeal is DISMISSED.