**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted February 13, 2008[*]
Decided February 13, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3567

| | |
|---|---|
| BETTIE PULLEN-WALKER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 05 C 5648 |
| ROOSEVELT UNIVERSITY, et al., *Defendants-Appellees.* | John W. Darrah, *Judge.* |

### O R D E R

Bettie Pullen-Walker sued Roosevelt University, its Board of Trustees, and several university employees when she was expelled from a doctoral program.  The district court dismissed her case as barred by the doctrine of claim preclusion, and

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See*  FED. R. APP. P. 34(a)(2).

Pullen-Walker filed several motions for postjudgment relief, which the district court denied. We affirm.

This is the second appeal arising out of the fourth of at least five civil actions Pullen-Walker has brought against the university. The first of these, No. 04 C 3728, was filed in the federal district court in Chicago in May 2005. Judge Coar dismissed the complaint because the court lacked jurisdiction over all but one of the many claims, but gave Pullen-Walker leave to file an amended complaint within a specified time. She failed to do so, and so Judge Coar dismissed the case. Pullen-Walker appealed, and in an unpublished order we summarily affirmed. *See Pullen-Walker v. Roosevelt Univ.*, No. 04-3456 (7th Cir. Nov. 4, 2004). She then petitioned this court for a writ of mandamus, which we denied. *See In re Pullen-Walker*, No. 05-1113 (7th Cir. Jan. 26, 2005).

In October 2005 Pullen-Walker filed her fourth lawsuit against the university (by then her second and third lawsuits, Nos. 04 C 3733 and 05 C 3600, already had been dismissed) and requested that counsel be recruited to assist her. Judge Darrah agreed and enlisted a lawyer who filed an amended complaint claiming discrimination on the basis of Pullen-Walker's age, sex, race, and disability. In July 2006, however, the district court allowed counsel to withdraw and, having been apprised of the previous suits before other judges, dismissed the entire action on grounds of claim preclusion. Judge Darrah added that, with respect to the claim of disability discrimination, Pullen-Walker had failed to exhaust her administrative remedies under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213.

The same day that judgment was docketed, Pullen-Walker moved for reconsideration under Federal Rule of Civil Procedure 59(e). Judge Darrah declined. Pullen-Walker then filed an untimely notice of appeal, which we dismissed for lack of jurisdiction. *See Pullen-Walker v. Roosevelt Univ.*, No. 07-2076 (7th Cir. June 22, 2005). Between August 14 and 22, 2006, Pullen-Walker filed four additional motions for postjudgment relief; each was filed outside the 10-day limit for motions under Rule 59(e), so all of them are properly construed as motions under Federal Rule of Civil Procedure 60(b). *See Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Judge Darrah denied the four motions in September 2006, and Pullen-Walker filed another notice of appeal. Our review is limited to the denial of these motions and does not encompass the underlying July 2006 judgment. *See Pullen-Walker v. Roosevelt Univ.*, No. 06-3567 (7th Cir. Feb. 21, 2007) (interim order). We review a Rule 60(b) decision only for abuse of discretion. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *See Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005). It is not an appropriate vehicle to raise arguments that were or should have been raised in a timely appeal or motion under Rule 59(e), *see Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000), nor is legal error a proper ground for relief under this rule, *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). In her four motions, Pullen-Walker raised no issue cognizable under Rule 60(b), and therefore we discern no abuse of discretion in the district court's denial of those motions.

AFFIRMED.