In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1781

SHAMEKA BROWN,

*Plaintiff-Appellant,*

*v.*

FIFTH THIRD BANK,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 2981 — **James F. Holderman**, *Judge.*

SUBMITTED JULY 8, 2013 — DECIDED SEPTEMBER 12, 2013

Before POSNER, *Circuit Judge.*

Before me is a motion by the appellee to dismiss the appeal as untimely. The motion was referred to me because I was motions judge (a position that rotates among the judges) when the motion was filed.

Federal Rule of Civil Procedure 58 requires that a judgment by a district court be set forth in a separate document. If it is not, then judgment is deemed to be entered 150 days

after the court's final decision, Fed. R. Civ. P. 58(c)(2)(B); see also Fed. R. App. P. 4(a)(7)(A)(ii)—in which event the appeal in this case is timely; otherwise it is not.

The Administrative Office of the U.S. Courts has drafted a form, called AO 450, which we've described as "the preferred and sound vehicle for complying with Rule 58." *Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir. 1994). ("Hope" turns out to be an apt description of the quoted statement.)

Here is the text of the form:

**JUDGMENT IN A CIVIL ACTION**

The court has ordered that *(check one)*:

☐   the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ ___), which includes pre-judgment interest at the rate of ___%, plus post judgment interest at the rate of ___% per annum, along with costs.

☐   the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____.

☐   other: _____.

This action was *(check one)*:

☐   tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐   tried by Judge _____ without a jury and the above decision was reached.

☐   decided by Judge _____ on a motion for

_____.

Date: _____

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

The Appendix to the civil rules contains two other forms—Forms 70 and 71—that are similar to, but even simpler than, form AO 450, and are permissible alternatives to it. 11 Charles A. Wright et al., *Federal Practice and Procedure* § 2785, p. 32 (3d ed. 2012). But alas, the Rules Committee, while acknowledging the "somewhat divergent caselaw on the question of what types of documents meet the 'separate document' requirement," 16A Charles A. Wright et al., *Federal Practice and Procedure* § 3950.2 n. 28, p. 216 (4th ed. 2008), has declined to require that any of these forms be used to satisfy it. 2002 Committee Notes to Fed. R. Civ. P. 58.

An inexplicable failure to use any of the forms, a failure richly productive of uncertainty, is common in the Northern District of Illinois. We have remarked this on a number of occasions, see, e.g., *Carter v. Hodge,* 2013 WL 4022531, at *1 (7th Cir. Aug. 8, 2013); *Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 359 (7th Cir. 2009); *Hope v. United States*, *supra*, 43 F.3d at 1142; *Otis v. City of Chicago,* 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc); *Hatch v. Lane*, 854 F.2d 981, 982 (7th Cir. 1988) (per curiam)—without visible effect on the Northern District's practice.

Often the district court clerk or a member of his staff enters a minute order rather than filling out one of the ap-

proved forms; this court has then to decide whether the order satisfies Rule 58. In the present case, a suit charging employment discrimination, the district court on December 20, 2012, in a document captioned "Memorandum Opinion and Order," dismissed the complaint with prejudice. The clerk entered the Memorandum Opinion and Order on the court's docket the next day. A docket entry captioned "Notification of Docket Entry" stated that the district court had entered a Memorandum Opinion and Order. The docket entry was required by and complied with Rule 77(d)(1) of the Federal Rules of Civil Procedure, which provides, so far as relates to this case, that "immediately after entering an order or judgment, the clerk must serve notice of the entry … on each party who is not in default for failing to appear. The clerk must record the service on the docket."

The clerk's entry recited the district court's ruling, cancelled an evidentiary hearing scheduled for the following month, noted the denial of a motion to remand the case to state court and that two other motions, which the defendant had filed, were moot, and referred the parties to the court's opinion "for further details." The entry was not signed or initialed. The defendant contends that although noncompliant with form AO 450, the entry satisfies Rule 58's requirement of a separate document. If this is correct, we have no jurisdiction of the appeal, because Brown filed her notice of appeal 113 days after the docket entry.

We have emphasized the importance of compliance with Rule 58: "The purpose of the separate judgment required by Fed.R.Civ.P. 58 is to let the parties (and the appellate court) know exactly what has been decided and when. The entry of a final judgment under Rule 58 starts the clock for an appeal.

But a document that does not dispose of the case does not start the clock. The 'losing' party [in such a case] must appeal in order to guard against the chance that the case is over without knowing what the disposition is, and the appellate court is in a quandary about its ability to decide the case …. Rule 58 is designed to produce clarity. An inadequate order undermines the function of the rule." *Reytblatt v. Denton*, 812 F.2d 1042, 1043 (7th Cir. 1987) (per curiam).

Despite this strong statement, this court has ruled in a number of cases that a district court's docket entry, akin to the one in this case, satisfied Rule 58's requirement of a separate document. See, e.g., *Nocula v. UGS Corp.*, 520 F.3d 719, 724 (7th Cir. 2008); *Properties Unlimited, Inc. Realtors v. Cendant Mobility Services*, 384 F.3d 917, 920 (7th Cir. 2004); *Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 422 n. 8 (7th Cir. 1998); *Hope v. United States, supra*, 43 F.3d at 1142; *American National Bank & Trust Co. v. Secretary of HUD*, 946 F.2d 1286, 1289 (7th Cir. 1991). No other court has endorsed this view, however, *Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1171 (10th Cir. 2013); *Transit Mgmt. of Southeast Louisiana, Inc. v. Group Ins. Administration, Inc.*, 226 F.3d 376, 382 (5th Cir. 2000); *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1337–39 (9th Cir. 1992); see also *Radio Television Espanola S.A. v. New World Entertainment, Ltd.*, 183 F.3d 922, 932 n. 11 (9th Cir. 1999); cf. *Corrigan v. Bargala*, 140 F.3d 815, 817–18 (9th Cir. 1998); *Axel Johnson Inc. v. Arthur Andersen & Co.*, 6 F.3d 78, 84 (2d Cir. 1993); *Fiore v. Washington County Community Mental Health Center*, 960 F.2d 229, 234–35 (1st Cir. 1992) (en banc); *Lupo v. R. Rowland & Co.*, 857 F.2d 482, 484 (8th Cir. 1988), though the Third Circuit has come close. *In re Cendant Corp. Securities Litigation*, 454 F.3d 235, 241 (3d Cir. 2006), holds that to be a "separate document" a document must be "self-contained and

separate from the opinion," "must note the relief granted," and "must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims." A docket entry might satisfy this test, but maybe not the one in this case, which states rather than omits the reason for dismissal ("because the statute of limitations has expired").

The entry was required by Rule 77(d), not as a judgment or an order but simply as a notice. It does not comply with Rule 58; its purpose is different; and when treated as the judgment it can confuse. The recipient might inquire and if so discover that no document constituting a judgment separate from the judge's opinion had been entered and might wonder therefore whether the 30-day period for filing an appeal had yet begun to run. The clerk could without difficulty have complied with Rule 58, as all that compliance requires is filling out form AO 450, or Forms 70 or 71 if he prefers. We should not allow a Rule 77(d) notification to do service for a Rule 58 judgment. Our cases that allow that should be overruled.

Rule 58 requires not only a separate document but also, at least when the judgment denies all relief, as in this case, that the separate document be signed by the court clerk. Fed. R. Civ. P. 58(b)(1)(C). The docket entry in question in this case has no line for a signature, no signature, and not even initials, which would suffice if, unlike the situation in *Carter v. Beverly Hills Savings & Loan Association*, 884 F.2d 1186, 1189–90 (9th Cir. 1989), the initials were those of the clerk. So the docket entry violates Rule 58, and therefore the judgment date was 150 days after the district court's decision. The appeal is therefore timely and should proceed to briefing on the merits of the district court's decisions to dismiss

Brown's complaint and to deny her post-trial motion under Fed. R. App. P. 4(a)(4)(A)(vi), (B) for relief, under Rule 60 of the civil rules, from the dismissal of the complaint.

Fed. R. App. P. 27(c), provides that "a circuit judge may act alone on any motion, but may not dismiss or otherwise determine an appeal or other proceeding." See also 7th Cir. Operating Proc. 1(a)(1). My ruling that the appeal shall proceed to briefing on the merits of the appeal does not "determine" the appeal or even determine our appellate jurisdiction. The three-judge panel assigned to hear the appeal will be authorized to revisit and if it wants reject my conclusion that the appeal is within this court's jurisdiction.