NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2225

| | |
|---|---|
| EDDIE L. RAINEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 9561 |
| LIPARI FOODS, INC. and THOM LIPARI, | |
| *Defendants-Appellees.* | Samuel Der-Yeghiayan, *Judge.* |

## O R D E R

Eddie Rainey appeals the dismissal of his complaint alleging that Lipari Foods discriminated against him based on race (black) and age (then 56) when it did not hire him as a truck driver. He argues specifically that the district court abused its discretion by denying him leave—after the dismissal of the complaint—to amend to add more specific allegations that, he insists, would state a plausible claim for relief. We agree.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

According to his complaint, Rainey applied for the job at an open house, passed a road test, complied with the company's requests for a copy of his driver's license, social security card, and medical card, but ultimately was passed over. The district court dismissed the complaint at screening, 28 U.S.C. § 1915(e)(2)(B)(ii), concluding that Rainey's allegations of discrimination were "pure speculation" and did not state a plausible federal claim. No separate judgment was filed. *See* FED. R. CIV. P. 58(a).

One month later Rainey sought reconsideration, asserting that he could state a plausible employment-discrimination claim by amending his complaint to allege that Lipari Foods continued to interview non-black and younger applicants for the truck-driver position after it had turned him down. The court denied the request for reconsideration, characterizing Rainey's submission as "conclusory legal jargon."

Rainey moved for leave to amend his complaint twenty-one days later, stating that he had recently received certain requested materials from the Equal Employment Opportunity Commission and needed more time to amend his complaint. Rainey did not include any proposed amendments to his complaint. The court denied the motion as untimely (filed as it was more than two months after the court's dismissal order) and added that the proposed amendments still did not plausibly suggest a federal claim.

Two months later Rainey again sought leave to amend his complaint, this time to add facts from his EEOC file that, he believed, showed that younger, non-black, less-qualified applicants were hired over him. The court construed the motion as one for reconsideration and denied it.

More than a month later, Rainey one last time sought leave to amend his complaint. He asserted that the court had overlooked his proposed amendments alleging that the younger, Latino men who were hired for truck-driver positions had not properly completed the employment application. The court denied the request as untimely and meritless, and warned Rainey that any further filings on decided matters could result in sanctions.

On appeal Rainey maintains that the district court abused its discretion by denying him leave to amend his complaint. He argues that the court was required to allow him to amend his complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B); that he sought to amend the complaint as soon as he was able to obtain the EEOC file he had requested; and that his proposed amendments

alleged that the younger, Latino men hired in his place had not complied with the formal application process and that one even had a prior traffic violation.

As an initial matter, we note that Rainey's various post-dismissal motions could not have been untimely since judgment was never entered. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Borrero v. City of Chicago*, 456 F.3d 698, 699, 701 (7th Cir. 2006). Rule 58(a) generally requires that a judgment be set out in a separate document, and Rule 58(b) requires the clerk to "promptly prepare, sign, and enter the judgment" when the judge denies a plaintiff all relief as he did here. *See* FED. R. CIV. P. 58(a)–(b); *Brown v. Fifth Third Bank*, 730 F.3d 698, 699 (7th Cir. 2013). Because no separate judgment was entered, the judgment is deemed to have been entered 150 days after the court's final order. *See* FED. R. CIV. P. 58(c)(2)(B); *Brown*, 730 F.3d at 699, 701. Here the final order was entered in the civil docket on December 14, 2012, *see* FED. R. CIV. P. 4(a)(7)(A)(ii), thus making May 13, 2013 his judgment date. Since all of Rainey's post-dismissal motions were filed before that date, they were not untimely.

Furthermore, we agree with Rainey that the district court abused its discretion by denying him the opportunity to amend his complaint. Under Rule 15(a), plaintiffs generally may amend their complaints before an answer has been filed once as a matter of right, even after a court grants a motion to dismiss. FED. R. CIV. P. 15(a)(1)(B); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23, 1025 (7th Cir. 2013); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

This is not a case in which amending would necessarily be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch*, 630 F.3d at 562. The district court repeatedly stated that Rianey's allegations—including his proposed amendments—failed to plausibly suggest any unlawful discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002); *Luevano*, 722 F.3d at 1028. But as we understand his claim, he says he was passed over for the position in favor of less-qualified, younger Latino drivers because of age and race discrimination. Such a claim is adequate. *See Swierkiewicz*, 534 U.S. at 511–12; *Swanson v. Citibank*, N.A., 614 F.3d 400, 405 (7th Cir. 2010); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

**VACATED and REMANDED**.