In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1672

VALENTINO CASTRO,

Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF THE CITY OF CHICAGO,
succeeded by the CHICAGO SCHOOL REFORM BOARD
OF TRUSTEES,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 CV 3739--Elaine E. Bucklo, Judge.

Argued December 8, 1999--Decided June 6, 2000
_____

   Before HARLINGTON WOOD, JR., COFFEY, and FLAUM,
Circuit Judges.

   HARLINGTON WOOD, JR., Circuit Judge.  Plaintiff-
appellant Valentino Castro filed suit against his
employer, defendant-appellee Board of Education
of the City of Chicago, alleging (1)
discrimination based on age and national origin
and (2) retaliatory conduct. The district court
dismissed the case sua sponte for failure to
prosecute when Castro failed to file a scheduled
pretrial order. Castro filed a motion to vacate
the dismissal, which the district court denied.
Castro appeals.

I.  BACKGROUND

   On May 21, 1997, Castro filed a complaint in
the United States District Court for the Northern
District of Illinois, alleging violations of both
Title VII of the Civil Rights Act of 1964, as
amended by the Civil Rights Act of 1991, 42
U.S.C. sec. 2000e et seq., and the Age
Discrimination in Employment Act, 29 U.S.C. sec.
621 et seq. On November 17, 1997, defendant-
appellee filed a motion to dismiss, which was
denied by the district court on March 17, 1998.
In its order denying the motion to dismiss, the
district court set the following case schedule:

The last date for designation of experts is 7/5/98. Discovery is ordered closed on 10/1/98. Any dispositive motions to be filed by 11/1/98. Pretrial order is due by 12/1/98. Response to any motions in limine will be due by 12/14/98. Pretrial conference set for 1/15/99 at 2:30 p.m. This case is placed on the court's pooled trial calendar for 2/1/99 at 9:30 a.m. to be tried when reached.

On September 25, 1998, defendant-appellee moved to extend discovery to allow for the completion of Castro's deposition, which was held at 10:00 a.m. on September 23, but cut short when Castro's attorney had to leave at 2:00 p.m. due to a scheduling conflict. On September 30, 1998, defendant-appellee filed an emergency motion to either bar Castro's wife as a witness or to compel the completion of her deposition which was terminated after just forty minutes on September 28, when Castro's attorney advised Mrs. Castro to walk out of the deposition. On October 9, 1998, the district court granted defendant-appellee's motion to extend discovery for the completion of Castro's deposition and ordered Castro to make his wife available for the completion of her deposition. No other papers were filed with the court until December 31, 1998, at which time defendant-appellee filed a motion to modify the scheduling dates set out in the court's March 17 order. In the motion, counsel for defendant-appellee asserted that the depositions of Castro and his wife had yet to be completed and that, because she was new to the case, she had been unaware of the scheduling order until December 30, 1998 when counsel for Castro informed her of the upcoming trial date. The motion further indicated that defendant-appellee expected to file a motion for summary judgment once the depositions were completed.

On January 8, 1999, the district court, without hearing, entered the following order on defendant-appellee's December 31 motion:

Defendant's motion to modify the court's order setting certain dates is denied. This case is dismissed for failure to prosecute, the pretrial order having been due on 12/01/98 and never filed. While I previously extended discovery to complete the depositions of plaintiff and his wife, I did not extend the time to file the pretrial order. There was more than sufficient time to timely complete the pretrial order following the limited extensions of time granted by me in early October. Pretrial conference set for 01/15/99 and trial set for 02/01/99 are vacated.

Judgment was entered in favor of defendant-

appellee on January 8, 1999.

   On February 8, 1999, Castro filed a "Motion to
Vacate the Dismissal for Want of Prosecution
Entered on January 8th, 1999." The motion to
vacate did not indicate a statutory basis;
however, in his brief on appeal Castro contends
that "it is plain that the motion fell under the
authority of Rule 60(b)" of the Federal Rules of
Civil Procedure./1 Additionally, at oral
argument, Castro asserted that his motion to
vacate should be considered as a motion under
Rule 60(b) because it "speaks with respect to
excusable neglect." The motion to vacate
explained Castro's failure to file the pretrial
order as follows:

the associate who had the responsibility of
prosecuting the Plaintiff's case in the office of
the attorneys for the Plaintiff, (who is no
longer with that firm) made a decision to permit
the Defendant to continue with its discovery, and
after learning that the [D]efendant intended to
file a Rule 56 Motion to Dismiss, figured that a
Pre-Trial Order would not be necessary until
after the Rule 56 Motion was adjudicated.

The motion to vacate made no mention of the
district court's failure to give Castro an
express warning that his case was on the verge of
being dismissed.

   On February 23, 1999, the district court denied
Castro's motion to vacate, stating "[i]t is clear
that plaintiff completely ignored the dates set
by the court. Plaintiff's remedy is a suit for
malpractice against his attorney." Castro filed
a notice of appeal on March 19, 1999, stating
that he was appealing "from the order entered
against him on February 23, 1999, . . . and all
other orders leading or contributing to the
foregoing order."
II.  ANALYSIS

   Castro contends that the district court erred
in refusing to vacate the order of dismissal
because the failure to file the pretrial order
resulted from excusable neglect and because the
fact that the district court failed to give
Castro an express warning before dismissing his
case resulted in a violation of due process
making the order dismissing the case "manifestly
void." As an initial matter, we note that Castro
has waived his right to challenge the district
court's January 8, 1998 order dismissing his
case. He did not file a notice of appeal within
thirty days after the order was entered as
required under Fed. R. App. P. 4(a)(1), nor did
he file any motions under Fed. R. App. P. 4(a)(4)
which would have tolled the time to file his

notice of appeal./2 Therefore, Castro's appeal is limited to the district court's denial of his motion to vacate which we will treat as a motion under Rule 60(b). See Blaney v. West, No. 99-1524, 2000 WL 370056, at *2 (7th Cir. Apr. 12, 2000) (citing Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 263 n.7 (1978), for the proposition that an appeal from the denial of a "Rule 60(b) motion does not bring up the underlying judgment for review.").

We review the denial of a Rule 60(b) motion for abuse of discretion. Cash v. Illinois Div. of Mental Health, No. 99-1456, 2000 WL 355679, at *2 (7th Cir. Apr. 7, 2000) (citing Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc., 131 F.3d 625, 628 (7th Cir. 1997)). Under Rule 60(b)(1), a district court may vacate a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." "Attorney carelessness can constitute excusable neglect" under Rule 60(b)(1). Federal Election Comm'n v. Al Salvi for Senate Comm., 205 F.3d 1015, 1020 (7th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380 (1993)). However, Rule 60(b)(1) relief is discretionary, and our review is, therefore, extremely deferential. Id. (citing United States v. Golden Elevator, Inc., 27 F.3d 301, 303 (7th Cir. 1994)). A district judge's ruling on a Rule 60(b)(1) motion will stand "unless no reasonable person could have acted as the judge did." Id. (quoting Golden Elevator, Inc., 27 F.3d at 303).

Given the facts of the present case together with our deferential standard of review, we find that Judge Bucklo did not abuse her discretion in denying Castro's motion for Rule 60(b)(1) relief. As was the case in Federal Election Commission v. Al Salvi for Senate Committee, the circumstances of the present case may arguably constitute excusable neglect. See id. at 1020. However, they do not compel that conclusion. See id. The district court considered Castro's reasons for delay as proffered in the motion to vacate and determined that Castro knew of the deadlines established by the court but chose to ignore them. This determination is not clearly unreasonable. We do not address Castro's due process claim under Rule 60(b)(4) because this issue was not raised in his motion to vacate. The district court's denial of Castro's motion to vacate is

AFFIRMED.


/1 Under Fed. R. Civ. P. 60(b), the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . .; or (6) any other reason justifying relief from the operation of the judgment.

/2 As previously noted, Castro's motion to vacate was filed on February 8, 1998, one month after judgment was entered and, therefore, did not toll the time for appeal under Fed. R. App. P. 4(a)(4)(vi), which requires that motions for relief under Fed. R. Civ. P. 60 be filed no later than ten days after judgment is entered to toll the time for appeal.