**Herbert W. SASS, Plaintiff–Appellant,**

v.

**TRUSTMARK INSURANCE COMPANY, Defendant–Appellee.**

No. 00–3304.

United States Court of Appeals, Seventh Circuit.

Argued March 7, 2001.

Decided May 30, 2001.

Before DIANE P. WOOD, EVANS, and WILLIAMS, Circuit Judges.

## ORDER

This case arises out of Herbert W. Sass's efforts to bring an age discrimination suit against his former employer, Trustmark Insurance Company. After the district court granted summary judgment in favor of Trustmark, Sass filed two post-judgment motions for reconsideration. The district court also denied those motions, and it is from those orders that Sass appeals. We affirm.

Sass began working for Trustmark in 1982 as a director in the Human Resources Department. In 1997 Trustmark discovered that Sass had used the company fax machine for approximately 15 months to send at least 125 faxes to his attorney regarding his age discrimination charge. When Sass refused either to turn over copies of the documents he had faxed or to produce a privilege log identifying each fax, Trustmark terminated him for insubordination and improper use of company resources. Sass then filed charges with the Equal Employment Opportunity Commission (EEOC), and in time received a right-to-sue letter and filed a complaint in federal court. His complaint alleged that Trustmark had both discriminated against him on the basis of his age and terminated him in retaliation for filing the discrimination charge.

Both sides then began their discovery efforts. On May 15, 2000, Trustmark moved for summary judgment; the court gave Sass until June 12, 2000, to file his response. June 12 came and went without any word from Sass. On June 19 the parties' attorneys met to discuss additional discovery issues, and Trustmark's counsel reminded Sass's counsel that the latter would need a formal extension of time from the court if he hoped to file his summary judgment response. Despite this friendly word, Sass's lawyer took no steps then to secure an extension. Instead, on June 27 he deposed a CEO from Trustmark who had been unavailable earlier. Once again, Trustmark's counsel reminded Sass's counsel that he should request an extension of time from the court to file his summary judgment response.

On July 21, 2000, having heard nothing from Sass, the district court granted Trustmark's unopposed motion for summary judgment. Accepting the uncontroverted facts as admitted, the district court

found that Sass had failed to make out a *prima facie* case of age discrimination. It dismissed Sass's retaliation claim because he failed to present it in his EEOC charge.

On August 8, 2000, Sass filed his first motion for reconsideration of the court's summary judgment order. In that motion, he requested that Trustmark be compelled to produce certain discovery documents and that he be allowed to file his summary judgment response. Because the motion was filed more than ten days after entry of the summary judgment order, the district court properly treated it as a motion under Federal Rule of Civil Procedure 60(b). At the hearing on the motion, Sass's counsel argued that circumstances beyond his control, including the non-amicable break-up of his law firm and his loss of access to his computer files, prevented him from filing a timely response to Trustmark's summary judgment motion.

The district court denied Sass's motion. It found that the reasons counsel offered for his neglect of the case did not warrant reconsideration. First, the lawyer admitted that he was aware of the pendency of the summary judgment motion, and that he had met not once but twice with Trustmark's counsel in connection with this case in June. With respect to the need for an extension of time to file his response to Trustmark's summary judgment motion, the court emphasized that "there was simply no contact with the court." Nonetheless, when counsel asked for leave to file an amended motion to reconsider, so that he could "make a record," the court stated that it would "not preclude that filing."

On August 28, 2000, Sass filed an "amended" motion for reconsideration, again asking that the summary judgment order be vacated and that he be given an opportunity to file a summary judgment response. This time, he attached several documents to the motion along with a pro-posed summary judgment response. The amended motion attributed Sass's delay in filing the response to Trustmark's CEO being unavailable for deposition until late June, after the deadline for filing the summary judgment response. The motion said nothing about the failure to request an extension of time from the court. The district court held a hearing on this motion and again heard testimony from counsel reiterating the difficulties he encountered in filing a timely response. Once again, the district court denied the motion to reconsider, noting that there was "no real change in circumstances [since the last Rule 60(b) hearing]." Sass filed a notice of appeal on September 5, 2000.

Because neither of Sass's post-judgment motions tolled the time for appealing the underlying summary judgment, the only issue before us is whether the district court abused its discretion in denying Sass's two post-judgment motions. *See Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir.2000). And because relief under Rule 60(b) is granted only in rare circumstances, *see Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 628 (7th Cir.1997), unless we conclude that no reasonable judge would have denied Sass's motions, we will not find an abuse of discretion. *See Castro*, 214 F.3d at 935. Although "[a]ttorney carelessness can constitute excusable neglect," *see id.* at 932, the district court may consider "all relevant circumstances surrounding the party's omission [of a timely response]," *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), in determining whether to grant a Rule 60(b) motion.

Counsel urges that his untimeliness in responding to the summary judgment motion was justified because Trustmark could not produce one of its witnesses for deposition until June 27, two weeks after the

June 12 deadline for the response. He notes also that Trustmark's counsel was agreeable to an extension due to this scheduling difficulty. Counsel likens his circumstances to another case from our circuit in which, as he sees it, the court accepted an attorney's failure to inform the court of an agreed-upon extension as "excusable neglect." *See Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 362 (7th Cir.1997). A more accurate reading of *Robb,* however, reveals that we vacated the district court's decision to deny a Rule 60(b) motion, holding that there was no "hard and fast rule" in this circuit that barred a trial judge from exercising discretion to determine whether attorney negligence in missing filing deadlines may be excusable. *See id.* at 361. In contrast to *Robb,* the district court here was well aware that it possessed the discretion to grant the post-judgment motions but found after considering counsel's explanations that "there is no basis upon which the relief you requested can be granted." Under the circumstances, the district court did not abuse its discretion in concluding that Sass's reasons were insufficient to warrant granting the post-judgment motions.

Counsel also argues that his failure to respond to the summary judgment motion should be excused because his law firm dissolved in July 2000, preventing him from gaining access to his files and his computer. The dissolution of law firms, however, is given "little weight" in considering whether an attorney's neglect of a case is excusable. *See Pioneer,* 507 U.S. at 398, 113 S.Ct. 1489 ("[I]n assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice

at the time."); *see also United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc.,* 21 F.3d 952, 956 (9th Cir.1994). Counsel offers no specific details concerning when and for how long he lost access to his files. Nor does he explain how he was able to depose Trustmark's CEO in late June yet was unable to file a short motion or otherwise ask the court for an extension of time. The additional factor of the break-up of counsel's law firm does not change our earlier conclusion that there was no abuse of discretion here.

Accordingly, we AFFIRM the district court's denial of Sass's two post-judgment motions.