Bobby BROWN, Plaintiff–Appellant,

v.

Mark PIERSON and Robert Hughes, Defendants–Appellees.

No. 00–3270.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001 *.

Decided June 14, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

ORDER

Bobby Brown, an inmate, sued under 42 U.S.C. § 1983, claiming that corrections officers Pierson and Hughes retaliated against him for filing lawsuits and complaining about staff misconduct while he was confined at the Menard Correctional Center. Specifically, Brown alleges that the defendants denied him phone calls with his lawyer, deprived him of medical treatment, and told prison gang members that Brown was responsible for their loss of phone privileges. The district court dismissed the case without prejudice, holding that Brown had failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), see 42 U.S.C. § 1997e(a), and denied Brown's post-judgment motions. Because of the procedural posture of this case, we review only the denial of Brown's Rule 60 motions, which we affirm.

Brown originally filed suit in March 1997. Pierson and Hughes raised Brown's failure to exhaust administrative remedies in summary judgment motions. On March 8, 2000, the district court dismissed Brown's case without prejudice, holding that it lacked jurisdiction to rule on the merits of the case. On March 22, 2000, Brown's counsel filed a timely Rule 59 motion to alter or amend the judgment, and on April 4 Brown filed a pro se Rule 60(b) motion in the district court. In both motions, Brown claimed only that the normal administrative grievance process did not apply to him because he had complied with the relevant emergency grievance procedures. On April 7 Brown's lawyer filed a notice of appeal. The district court, believing that the filing of the notice of appeal divested it of jurisdiction to decide Brown's post-judgment motions, denied both motions on April 12. In May Brown filed a pro se motion in this court to voluntarily dismiss his appeal, see Fed. R.App. P. 42, believing that doing so would revest the district court with jurisdiction to decide his post-trial motions. After this court granted his request in July 2000, he

moved the district court "to reinstate" his prior post-trial motions for decision on the merits. The district court "reinstated" Brown's earlier motions, treating one as a Rule 59 motion because it was originally filed within 10 days of judgment, and the other as a Rule 60 motion because it was originally filed more than 10 days after judgment was entered. The court then held that Brown's attempt to exhaust his administrative remedies did not satisfy the PLRA's requirements and, therefore, neither Rule 59 nor Rule 60 relief was warranted. Brown filed a timely notice of appeal from the denial of the "reinstated" motions.

District courts are prohibited generally from granting extensions of time to file post-judgment motions. *See* Fed. R.Civ.P. 6(b); *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir.1996) (Rule 6(b) makes plain that the 10–day limit on filing a Rule 59(e) motion cannot be extended). After Brown voluntarily dismissed his appeal, he sought leave in July 2000 to "reinstate" his two previously filed post-judgment motions. Consequently, both of Brown's "reinstated" motions should have been treated as Rule 60(b) motions because they were re-filed well after the district court's March 8 entry of judgment. *See Hope v. United States*, 43 F.3d 1140, 1142 (7th Cir.1994) (a motion to alter or amend a judgment under Rule 59(e) that is filed more than 10 days after entry of judgment automatically becomes a Rule 60(b) motion). In addition, neither of the "reinstated" motions extended the time to appeal the March 8 dismissal without prejudice because neither was filed within 10 days after the entry of the original judgment. *See* Fed. R.App. P. 4(a)(4)(B)(i); *see also Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir.1995). An appeal from the denial of a Rule 60(b) motion does not bring up for review the underlying judgment. *Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir.2000). Thus, the only district court decision properly before this court is the denial of Brown's Rule 60 motions filed after he dismissed his initial appeal.

This court's review of district court orders denying Rule 60(b) relief is extremely deferential. We may examine the district court's decision to deny the motion to reconsider only for an abuse of discretion. *See Publicis Communication v. True North Communications, Inc.*, 206 F.3d 725, 730 (7th Cir.2000). We will affirm unless it is clear that "no reasonable person could agree with the district court." *McCormick v. City of Chicago*, 230 F.3d 319, 326–27 (7th Cir.2000). Rule 60(b) permits a court to "relieve a party ... from a final judgment, order, or proceeding" for mistake, inadvertence, surprise or excusable neglect, newly discovered evidence; fraud, a void judgment; a judgment satisfied; or "any other reason justifying relief." *See* Fed.R.Civ.P. 60. But Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick*, 230 F.3d at 327 (internal quotations and citation omitted). The rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law. *See Russell v. Delco Remy Div. of Gen'l Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). Thus, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir.2000).

Here, the district court did not abuse its discretion because Brown's arguments did not fall within the parameters of Rule 60(b). He did not, for example, claim that the judgment was a result of fraud or

newly discovered evidence. Brown claimed only that the district court committed a legal error by not holding that Brown had adequately exhausted prison "emergency grievance" procedures, thus satisfying the PLRA requirements. But Rule 60(b) relief is not designed to correct alleged legal errors, and any argument that the court misread evidence cannot "be shoe-horned into grounds for Rule 60(b) relief." *See Cash v. Ill. Div. of Mental Health,* 209 F.3d 695, 698 (7th Cir.2000); *see also Russell,* 51 F.3d at 749. Brown's claims were wholly outside the class of mistakes Rule 60 is designed to correct, and the court adequately explained its basis for denying the motions. We will not disturb that decision on appeal.

▉ Finally, we note that the district court could have decided Brown's post-trial motions on the merits when they were filed, rather than dismissing them for lack of jurisdiction. The timely filing of a notice of appeal typically does divest the district court of jurisdiction over aspects of the case involved in the appeal. *See Kusay v. United States,* 62 F.3d 192, 193–94 (7th Cir.1995). A notice of appeal filed after a timely Rule 59 motion but before it is decided, however, becomes effective after the order disposing of the post-trial motion is entered. *See* Fed. R.App. P. 4(a)(4)(B)(i); *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 59–60, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). And the district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal. *See Chicago Downs Ass'n v. Chase,* 944 F.2d 366, 370 (7th Cir.1991); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 849–50 (7th Cir.1981).

▉ Brown could have preserved his appeal of the district court's March 8 dismissal as well as its April 12 denial of his post-judgment motions had he filed a timely amended notice of appeal that included the denial of the post-judgment motions. *See* Fed. R.App. P. 4(a)(4)(B)(ii); *Barrow v. Falck,* 977 F.2d 1100, 1103 (7th Cir. 1992). Once Brown voluntarily dismissed his first appeal, however, we no longer had jurisdiction to review the district court's March 8 and March 22 orders. Consequently, we have reviewed only the district court's denial of the July 2000 motions and conclude that the district court did not abuse its discretion.

AFFIRMED.