Willie **BUCHANAN**, Plaintiff–Appellant,

v.

**ILLINOIS DEPARTMENT OF HUMAN SERVICES, et al.,**
Defendants–Appellees.

No. 00–3053.

United States Court of Appeals,
Seventh Circuit.

Submitted July 23, 2001.*

Decided July 24, 2001.

Before Hon. BAUER, Hon. COFFEY, and Hon. WILLIAMS, Circuit Judges.

## ORDER

Willie Buchanan filed a pro se complaint alleging race discrimination against his employer, the Illinois Department of Human Services ("IDHS"). The district court dismissed the case for lack of subject matter jurisdiction and failure to state a claim. Some five months later, Buchanan hired an attorney and moved for relief from the judgment based on "excusable neglect" under Fed.R.Civ.P. 60(b)(1), alleging facts he claims he did not know to include in his complaint because he was proceeding pro se. Buchanan argued that inclusion of these omitted facts would remedy the deficiencies in his complaint. The court denied the motion and Buchanan appeals. We affirm.

On April 30, 1999, Buchanan, an African–American business administrator in IDHS' Office of Rehabilitation Services, filed suit under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*. He claimed that his superiors discriminated against him based on his race when they issued him a written reprimand for allegedly violating a state procurement policy. Buchanan sought $1 million damages and certain injunctive relief, including an "acknowledg[ment] in writing that the attack on [his] character was unjust." Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

On November 15, 1999, the district court, liberally construing Buchanan's pro se pleadings, nonetheless dismissed the case. The court dismissed Buchanan's § 1981 and § 1983 claims against IDHS and the defendants in their official capacities based on Eleventh Amendment grounds. The court then dismissed the § 1983 claims against the defendants in

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

their individual capacities, citing Buchanan's failure to allege how each individual defendant participated in the discrimination, and his failure to adequately allege that similarly situated persons were treated differently than him. The court also dismissed Buchanan's claims under § 1981, which prohibits discrimination in the making and enforcement of contracts, finding that Buchanan did not allege the existence of a contract. Last, the court dismissed Buchanan's Title VII claims, finding that one written reprimand did not constitute a materially adverse employment decision.

On April 10, 2000, Buchanan, this time represented by counsel, moved for relief from the judgment based on "excusable neglect" under Fed.R.Civ.P. 60(b)(1). He attached his own affidavit, which he claimed contained facts that remedied the shortcomings in his complaint. According to the motion, Buchanan "neglected" to provide these facts in his complaint because, as a pro se litigant, he did not understand how detailed his factual allegations needed to be in order to avoid dismissal. The district court denied the motion, finding that Buchanan had failed to establish "excusable neglect."

On appeal Buchanan, again proceeding pro se, argues that the district court erred in denying his 60(b) motion. As an initial matter, we note that we cannot review the district court's November 15, 1999 order dismissing the case, because Buchanan did not file a notice of appeal within 30 days after the order was entered nor did he file any motions which would have tolled the time for filing an appeal. *See* Fed. R.App. P. 4(a)(4); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir.2000). Our review is thus limited to the district court's denial

of Buchanan's 60(b) motion, and we do not consider the bulk of his brief, which recites facts and arguments addressing the court's underlying judgment. *See Castro v. Board of Educ. of City of Chicago*, 214 F.3d 932, 934 (7th Cir.2000).

Relief under 60(b) is an extraordinary remedy to be granted only in exceptional circumstances. *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). We review the denial of a 60(b) motion for abuse of discretion, an "extremely deferential" standard whereby the ruling will stand unless we find that "no reasonable person could have acted as the judge did." *Id.* at 934–35 (citation and internal quotations omitted).

The crux of Buchanan's argument on appeal is that the district court should have granted his Rule 60(b) motion on the ground of excusable neglect because "as a pro se litigant he did not understand the importance of specifically stating facts [in his complaint] ... that illustrate racial discrimination." Buchanan's Br. at 6. The facts in his affidavit purportedly demonstrated how each individual defendant participated in the alleged discrimination and how a similarly situated white employee was treated differently than Buchanan.[1]

There are no "bright lines" to determine what constitutes excusable neglect; the test is at bottom an equitable one, taking into consideration "all relevant circumstances surrounding the party's omission." *United States v. Brown*, 133 F.3d 993, 996 (7th Cir.1998). The court will consider such factors as the reason for the default, whether it was within the movant's control, the danger of prejudice to the nonmovant, and the interests of efficient judicial administration. *See id.* "In-

---

1. Despite Buchanan's assertions that this "new" information would remedy the deficiencies cited by the district court, we note that the affidavit attached to the 60(b) motion is largely duplicative of information already included in his complaint and other pleadings filed in the district court before the case was dismissed.

advertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 391–92, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A litigant's inability or refusal to read and comprehend the plain language of the Federal Rules is not a basis for relief under 60(b). *Prizevoits v. Indiana Bell Tel. Co.,* 76 F.3d 132, 133 (7th Cir.1996). This is true even where the litigant is pro se. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Nor does Rule 60(b) provide a means of reviving issues that were not raised before entry of judgment, even by a pro se litigant. *See Popovich,* 71 F.3d at 698; *see also Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 387 (6th Cir.2001) ("Rule 60(b) ... does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling."). Pro se litigants are entitled to some procedural protections, but they are not entitled to a complete dispensation of procedural rules. *Popovich,* 71 F.3d. at 699.

We cannot say that the district court abused its discretion in declining to find excusable neglect in this case. As the district court found, Buchanan has cited no extraordinary circumstances that warrant relief under 60(b). The facts contained in the affidavit were not new or unknown to Buchanan at the time he filed his complaint or his response to the motion to dismiss, Buchanan waited more than five months before seeking relief, and granting relief would prejudice the defendants by essentially requiring them to "relitigate the same case." As the district court concluded, Buchanan is not entitled to a "second bite at the apple" through a 60(b) motion simply because he is unhappy with the result of his case.

The judgment of the district court is AFFIRMED.