**Thomas F. ALLEN, & Beverly J. Allen, Plaintiffs–Appellants,**

v.

**LTV STEEL CO.; Bridgestone/Firestone, Inc., Bridgestone/Firestone Tire MFG.; OTR Tire Brokers, Inc.; Harsco Corp.; Heckett Multi–Serve; & Kress Corp., Defendants–Appellees.**

No. 02–4094.

United States Court of Appeals, Seventh Circuit.

Argued April 16, 2003.

Decided June 17, 2003.

Before POSNER, COFFEY, and ROVNER, Circuit Judges.

### ORDER

Thomas F. and Beverly J. Allen appeal the district court's summary judgment grant in favor of the above-named defendants in this negligence and product liability case. We affirm.

### I. BACKGROUND

On the evening of July 23, 1996, Thomas Allen ("Allen"), a gantry crane operator and employee of Graycor Industrial Contractors, was moving steel slabs on the premises of the LTV Steel Company ("LTV") in East Chicago, Indiana. At approximately 5:30pm, a large rubber tire on a passing tractor vehicle exploded in Al-

len's vicinity, allegedly causing him to fall forward into the windshield of the crane he was operating and (allegedly) causing serious injury to his arms.

Two years later, on February 26, 1998, the Allens filed suit in the Indiana state court against LTV, later amending their complaint to include the following parties: (1) Bridgestone/Firestone, Inc. and Bridgestone/Firestone Tire Manufacturing (collectively, "Firestone"), as the manufacturers of the exploding tire; (2) Heckett Multi–Serve and Harsco Corporation (collectively, "Heckett"), as the parties who owned and maintained the rubber-tired vehicle ("RTV") that the tire had been on at the time of the explosion; (3) OTR Brokers, Inc. ("OTR"), as the seller and distributor of the incident tire to LTV; and (4) Kress Corporation ("Kress"), which had manufactured the RTV.

On August 24, 1998, Firestone had this case removed to federal district court pursuant to 28 U.S.C. § 1441 and § 1332, as the parties were diverse and the amount in controversy exceeded $75,000.00 (Mr. Allen, who was 41 years of age at the time of the accident) claimed that he was unable to work after the accident. In January 2001, LTV filed a petition for bankruptcy, which stayed this case as to LTV.

The Allens claim that in July 2000, they learned for the first time that the day after Allen's alleged injury, representatives from each of the four named defendants in this case met on LTV's premises to discuss the incident. It was suggested and generally agreed upon at this meeting that the tire should be preserved. Nevertheless, six months later, the tire was destroyed by LTV, the party that was then still the owner of the tire and the party who had maintained possession and control of it since the date of the incident.

On September 3, 2002, the district court issued an order granting summary judgment in favor of all defendants except LTV (as the action against LTV had been stayed by its bankruptcy petition), and denied the plaintiffs' motion for partial summary judgment. After the district court made its September 3, 2002 order a "final judgment" in favor of Firestone, Heckett, OTR, and Kress, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Allens timely filed their notice of appeal. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

The Allens argue on appeal that the district court erred: (1) in excluding the report of the tire expert they had hired in support of their claim that the tire was defective; (2) in granting summary judgment in favor of the defendants, largely because the court had rejected testimony from the Allens' "expert witness"; (3) in failing to grant summary judgment to the Allens as a sanction against those defendants who had a putative duty to preserve evidence (i.e., the incident tire) but who allegedly failed to do so; and (4) in denying their Motion for Relief from Judgment, their Motion to Consolidate, and their Motion for Leave to File a Fourth Amended Complaint, the latter two of which concerned the plaintiffs' "spoliation of evidence" claim.

### A. Exclusion of Expert Testimony

The Allens claim that the district court erroneously rejected the testimony of the tire expert they had retained. Had their expert's testimony been admitted, the Allens allege, they would have been able to establish that the tire defect was the proximate cause of Mr. Allen's injuries.

As long as the court below has applied the appropriate legal test, this Court reviews the decision of the trial court to admit expert testimony for an abuse of

discretion. *See United States v. Young*, 316 F.3d 649, 656 (7th Cir.2002).

Well after the tire had been destroyed, the Allens hired Morris Dingman ("Dingman") to opine on the incident tire's defect. As the tire had been destroyed, Dingman was not able to examine the tire itself. Instead, he was only able to examine reports of other, similar tire failures as well as a videotape of the particular accident itself.

In weighing whether to admit Dingman's testimony as "expert testimony" under Rule 702 of the Federal Rules of Evidence, the trial judge applied the two-part test for expert testimony as enunciated by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The district judge determined that the expert's report was inadmissible based upon its failure to meet the first of *Daubert*'s two prongs—*i.e.*, reliability—and therefore did not reach the second prong—*i.e.*, relevancy.

In reaching his conclusion that Dingman's testimony failed the "reliability" prong, the judge noted the methods of the putative expert had neither been "verified by testing, subjected to peer review, nor evaluated for its potential rate of error." The judge noted that Dingman had provided no support for the proposition that a defect in a specific tire can be established based solely on an examination of reports describing the failure rates of other tires. Furthermore, the judge also faulted Dingman for failing to establish a connection between the incident tire and those failed tires that were the subject of the reports. Even if such a connection had been established, the judge continued, Dingman made "absolutely no attempt" to account for other alternative explanations of the tire explosion.

Whereas we agree with the district court's analysis of Dingman's proffered testimony in light of *Daubert*, namely, that Dingman's analysis failed the "reliability" prong of *Daubert*'s two-part analysis, we hold that the district court did not abuse his discretion in excluding the testimony of the Allen's "tire expert."

## B. Summary Judgment Grant

The Allens allege that the defendants' breach of their "duty" to preserve evidence under Indiana law rendered impossible their products liability action, and that as a result the court should have granted summary judgment against the defendants as a sanction against their conduct. Furthermore, the Allens maintain that the district judge erred in granting summary judgment in favor of the defendants, largely because he had rejected testimony from the "tire expert" the Allens had hired in support of their claim that the tire was defective.

Summary judgment is appropriate when there is "no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A grant of summary judgment is reviewed *de novo*, construing all the facts in the light most favorable to the nonmoving party. *Harley–Davidson Motor Co., Inc. v. PowerSports, Inc.*, 319 F.3d 973, 980 (7th Cir. 2003).

In removal actions, courts are to apply the substantive law of the state court from which the action was removed. *See Ritchie v. Glidden Co.*, 242 F.3d 713, 720 (7th Cir.2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). Thus, the district court properly applied the law of the state

of Indiana to the Allens' product liability claims against Firestone, OTR, and Kress, as well as their related claim against Heckett for allowing allegedly defective tires to be used on its RTVs.

The district court found that the Allens had failed to proffer sufficient evidence that the incident tire was defective. The court also held that the "tire expert" analysis offered by the Allens failed to meet the "reliability" requirement under Rule 702 of the Federal Rules of Evidence concerning expert testimony and as explained by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). As noted above, the trial judge expressly applied the proper analysis for admitting expert testimony under Rule 702, and correctly determined that the expert's report was inadmissible, as the methods of the putative expert had not been verified by testing, subjected to peer review, or evaluated for rate of error. Thus, we hold that the district court did not err when granting summary judgment in favor of the defendants.

The district court also properly applied Indiana's law regarding "spoliation of evidence" claims, under which courts may penalize those parties who are in "exclusive possession of facts or evidence" and who "suppress" such facts or evidence. *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind.2000). After reviewing the record in this case, we hold that any duty to preserve the incident tire in this case rested with LTV, the party whom the record demonstrates was unquestionably in "exclusive possession" of it from the time of the incident up until the time of its destruction. Thus, we hold that the district court did not err in refusing to grant the Allens' motion for summary judgment against defendants without such exclusive possession.

## C. Denial of Plaintiffs' Motions

The Allens argue that the district court erred in denying their Rule 60(b) motion for relief from judgment. Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that the court may "relieve a party ... from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect." The Allens' attorney claimed that he failed to file allegedly "vital" documents in opposition to the defendants' motion for summary judgment because of a "clerical mistake/oversight" on his part, and appeals from the district court's denial of his motion. The district court's decision to allow or deny such relief is reviewed for an abuse of discretion. *Castro v. Board of Educ. of Chicago*, 214 F.3d 932, 934 (7th Cir.2000).

The district court correctly pointed out that Rule 60(b) supplies an "extraordinary remedy" that is granted in "exceptional circumstances." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). As we have pointed out before, attorney neglect must be "excusable" to warrant Rule 60(b) relief. *See, e.g., Norgaard v. Depuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir.1997); *United States v. Brown*, 133 F.3d 993, 996 (7th Cir.1998) (noting that the determination is an equitable one, taking into account all the relevant factors—including the reason for the default, whether it was within the movant's control, the danger of prejudice to the movant, and the interests of efficient judicial administration).

The district judge explicitly noted that he had weighed the "equitable factors in this case," and pointed to the fact that the "oversight" by the plaintiffs' counsel was solely within the attorney's control, that it did not appear that any prejudice

the plaintiffs would suffer would be "overwhelming," and that granting such a motion would undermine the interests of efficient judicial administration. We agree, and thus we hold that the trial judge did not abuse his discretion in deciding that the principles of equity did not weigh in favor of granting the Allens' motion for Rule 60(b) relief.

The Allens also argue that the district court erred in denying their Motion for Leave to File a Fourth Amended Complaint and their Motion to Consolidate, both of which focused on their claim that the defendants had engaged in the spoliation of evidence (*i.e.*, the destruction of the tire). The district court's decision to grant or deny a motion to amend a complaint is reviewed for an abuse of discretion. *American United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921, 926 (7th Cir.2003).

■ While Rule 15(a) of the Federal Rules of Civil Procedure provides that consent to amend a complaint shall be "freely given when justice so requires," we have noted that amending a complaint is inappropriate if the amendment is due to "undue delay" or would cause "undue prejudice to the opposing party." In this case, the district court found that such consent was unwarranted, given the fact that the plaintiffs waited for nearly a year after learning of the potential spoliation claim[1] before attempting to amend their complaint, and that as extensive discovery had been completed and the defendants had already filed their motions for summary judgment, the defendants would have been prejudiced if the plaintiffs' request to amend their complaint (again, this time for the fourth time) were granted. The court recognized that the plaintiffs' Motion to Consolidate their separate spoliation tort action against the defendants was (essentially) an end-run around the court's rejection of their Motion for Leave to Amend their Complaint, and thus properly rejected it.

### III. CONCLUSION

Based on the foregoing, we hold that the district court: (1) did not abuse its discretion in excluding Dingman's "expert testimony" on the alleged defects in the incident tire; (2) properly granted summary judgment in favor of the defendants on the product liability issue; (3) properly denied the plaintiffs' motion for partial summary judgment as a sanction against defendants the plaintiffs had claimed had a "duty" to preserve the incident tire; and (4) did not abuse its discretion in denying their Motion for Relief from Judgment, their Motion to Consolidate, and their Motion for Leave to File a Fourth Amended Complaint. Thus, the district court's order is

AFFIRMED.

---

1. The Indiana Supreme Court quoted *Black's Law Dictionary* in defining "spoliation of evidence" as consisting of "[t]he intentional destruction, mutilation, alteration, or concealment of evidence, usually a document. If proved, spoliation may be used to establish that the evidence was unfavorable to the party responsible." *Cahoon*, 734 N.E.2d at 545.