**Lucille RUSSELL, Plaintiff–Appellant,**

v.

**CHICAGO BOARD OF EDUCATION,**
**Defendant–Appellee.**

No. 03–2037.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 27, 2004.

Decided Feb. 10, 2004.

Michael Radzilowsky, Chicago, IL, for Plaintiff–Appellant.

Lee A. Lowder, Chicago, IL, for Defendant–Appellee.

Before KANNE, EVANS, and WILLIAMS, Circuit Judges.

**ORDER**

Lucille Russell works as a special education teacher at Curtis Elementary School in Chicago. Russell filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that Curtis's principal created a sexually offensive work environment and that, after she complained about his behavior, he retaliated by suspending her without pay. The EEOC issued Russell a right-to-sue letter and she filed a *pro se* complaint against the Chicago Board of Education alleging sex discrimination and retaliatory suspension in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* The district court dismissed Russell's discrimination claim because she did not include it in her EEOC charge. Subsequently, the court granted summary judgment to the Board on her retaliation claim. Russell did not file a timely notice of appeal. More than two years later, she retained counsel and moved for reconsideration under Federal Rule of Civil Procedure 60(b). She based her request for relief on her inexperience as a *pro se* litigant, arguing that it led to her failure to present all her evidence. The district court denied the motion and she appeals.

Russell's discrimination and retaliation claims stemmed from the harassment she attributes to the sexually offensive workplace created by her supervisor, Lester

Gaines, the principal at Curtis. Russell first wrote a letter to the Board, complaining that Gaines had a romantic relationship with a fellow employee who happened to be Curtis's curriculum coordinator. Russell alleged that the relationship created a sexually offensive work environment and that when she complained about Gaines's behavior, he suspended her without pay. Russell first filed charges with the EEOC and the Illinois Department of Human Rights alleging that Gaines subjected her to a sexually offensive workplace.

Russell then filed her complaint in federal court. After the district court dismissed her discrimination claim because she did not include it in her EEOC charge, the Board moved for summary judgment on her retaliation claim. The Board also introduced documentation that detailed Russell's history of misconduct—frequent tardiness and absences from work, insubordination, repeated instances when her students were left alone, failure to accurately prepare report cards, and failure to attend parent-teacher conferences. The Board attached misconduct reports prepared by Gaines detailing Russell's absences, dismissal warnings issued by the Board due to her unauthorized absences, and orders from Gaines and the Board suspending Russell for failing to submit lesson plans and for disrupting other classrooms.

After the Board filed its summary judgment motion, the district court informed Russell that it would accept the Board's statement of undisputed facts as true unless she complied with Federal Rule of Civil Procedure 56 and Local Rule 56.1 by responding to each of the Board's factual assertions and providing a statement of disputed facts. The district court also sent Russell copies of these rules, and twice extended her time to file a response. Russell eventually responded, but her submis-

sion did not contradict any of the Board's proffered reasons for suspending her and she did not include her own statement of facts. Instead, in her response, she stated only that all the Board's assertions were either false or fraudulent.

The district court granted the Board's motion for summary judgment, finding that Russell failed to show a *prima facie* case of retaliation because the discrimination she complained of—a supervisor favoring his "paramour" over other employees—does not constitute sex discrimination. The court went on to find that even if Russell had established a *prima facie* case of retaliation, she failed to rebut the Board's many legitimate, non-discriminatory reasons for suspending her.

As we said, Russell did not promptly appeal from this judgment. Instead, she continued to pursue her claim before the Illinois Board of Education, which eventually found her not guilty of all charges of misconduct. In reaching this conclusion, the hearing officer found that all warnings issued by the Chicago Board of Education "were based on contrived charges by the local Principal." The Illinois Board of Education ordered that Russell be reinstated to her former position with full pay and benefits retroactive to the date of her suspension, instructed that her personnel records be expunged of all disciplinary memoranda, and required that Gaines be prevented from having any contact with Russell.

Russell then retained counsel, who sought reconsideration of the summary judgment under Federal Rule of Civil Procedure 60(b)(6) because Russell's inexperience as a *pro se* litigant caused her to misunderstand the sort of evidence she needed to include in her response to the Board's summary judgment motion. The district court denied Russell's motion because none of her "new" evidence showed

that she had complained of discrimination prohibited by Title VII. The district court also stated that it would be unfair to allow a *pro se* plaintiff a second chance to litigate her claims with counsel after she had failed to comply with the court's instructions.

In her opening brief, Russell does not challenge the district court's denial of her Rule 60(b) motion, but instead focuses her argument on the underlying grant of summary judgment. Russell argues that the district court incorrectly determined that she failed to make her *prima facie* case of discrimination and abused its discretion in deeming the Board's statement of facts admitted after she failed to properly respond to the summary judgment motion.

In considering a denial of a Rule 60(b) motion, however, an appellate court does not have jurisdiction over the merits of the underlying judgment. *See Browder v. Dir., Dept. of Corr. of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Castro v. Bd. of Educ. of City of Chi.,* 214 F.3d 932, 934 (7th Cir.2000). We are limited to the question of whether the district court abused its discretion in denying Russell's Rule 60(b) motion. *See Castro,* 214 F.3d at 934. Russell's opening brief on appeal, however, failed to challenge the denial of her Rule 60(b) motion; she therefore has waived any argument for appeal. *See Hildebrandt v. Ill. Dep't of Natural Resources,* 347 F.3d 1014, 1025 n. 6 (7th Cir.2003). In her reply brief, Russell asserts that her *pro se* status constitutes an exceptional circumstance that warrants reconsideration of her retaliation claim, but a reply brief is not the proper vehicle in which to raise an argument not first presented in an opening brief. *See United States v. Jones,* 278 F.3d 711, 717 (7th Cir.2002).

Accordingly, we AFFIRM the judgment of the district court.