NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 12, 2009[*]
Decided November 13, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3543

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, South Bend Division. |
| *v.* | |
| | No. 3:93-CR-61(01) |
| HENRY BOOKER, | |
| *Defendant-Appellant.* | Robert L. Miller, Jr., *Chief Judge.* |

**O R D E R**

In this criminal case, Henry Booker appeals from the district court's denial of his motion, which he brought under FED. R. CIV. P. 60(b), for relief from an earlier order refusing to grant him the full reduction to his criminal sentence that he sought under 18 U.S.C. § 3582(c).  We affirm the judgment of the district court.

Booker pleaded guilty in 1994 to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1).  With his offense level of 37 and criminal history category of IV, his guideline sentencing range was 292 to 365 months in prison.  The district court imposed a sentence of

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

240 months in prison, the statutory maximum under § 841(b)(1)(C). We affirmed his sentence on direct appeal, *United States v. Booker*, 70 F.3d 488 (7th Cir. 1995), and the district court later denied his motion for collateral relief under 28 U.S.C. § 2255.

In 2008, Booker moved for a sentence reduction, *see* 18 U.S.C. § 3582(c), based on the retroactive changes in the crack cocaine guidelines that lowered the offense levels applicable to his conviction. The district court granted the motion and, based on his new guideline range of 235 to 293 months, which Booker does not dispute, reduced his sentence to 235 months in prison. The court declined his request to sentence him below the guideline range, stating that his original sentence was based on the statutory maximum, rather than a discretionary variance from the guideline range.

Booker did not appeal the § 3582(c) order but instead, after almost four months, moved for relief under Federal Rule of Civil Procedure 60(b), asserting that the district court was mistaken in imposing the 240-month statutory maximum in the first place. The court denied the motion.

Booker filed a timely notice of appeal of the denial of the Rule 60(b) motion (that is, within ten days of the denial, *see* FED. R. APP. P. 4(b)(1)(A)), but we must affirm the district court for two reasons. First, a motion under Rule 60(b) is a civil motion that is not available to an individual challenging his sentence under § 3582(c)(2). *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Unlike forms of post-conviction relief that are civil in nature, *see, e.g.*, *Fisher v. Baker*, 203 U.S. 174, 181 (1906) (habeas-corpus proceedings), every circuit court that has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered only by rules applying to criminal cases, not civil cases. *See, e.g., Fair*, 326 F.3d at 318 (holding that FED. R. CIV. P. 60(b) does not apply to proceedings under § 3582(c)(2)); *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246-47 (10th Cir. 2003) (concluding civil Rule 4(a)(1)(B) for time to appeal does not apply to § 3582(c)(2)); *United States v. Arrango*, 291 F.3d 170, 171-72 (2d Cir. 2002) (same); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (same); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir. 1996) (same); *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995) (same). Accordingly, the district court correctly denied the motion because it is not available to Booker.

Even if we assumed that Rule 60(b) motions exist in this criminal context, we would affirm. Booker attacks the underlying merits of the original § 3582(c) decision on grounds that he could have raised on direct appeal. Specifically he argues that the district court should have applied the same below-guidelines discount that it supposedly granted him originally. But in reviewing the denial of a Rule 60(b) motion, an appellate court does not have jurisdiction to review arguments attacking the merits of the underlying decision that

could have been raised on direct appeal. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 934 (7th Cir. 2000). We are limited to reviewing whether the district court abused its discretion in denying Booker's Rule 60(b) motion, *see Castro*, 214 F.3d at 934. But Booker fails to advance any argument that the district court abused its discretion in the Rule 60(b) order. He therefore has waived any such argument, *see* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). We accordingly AFFIRM the judgment of the district court.