NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 15, 2013[*]
Decided March 25, 2013

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 12-2565 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| MARY L. CORNER, *Plaintiff-Appellant,* | |
| *v.* | |
| SETH D. HARRIS, Acting Secretary of Labor, *Defendant-Appellee.* | No. 11 C 8652 Harry D. Leinenweber, *Judge.* |

### Order

Mary Corner ran unsuccessfully for president of the American Postal Workers Union (Local 7140) in 2011. She believes that Jacqueline Engelhart, the incumbent who prevailed at the ballot box, was ineligible because she had not paid dues consistently for the preceding year and therefore had not maintained the good standing required by federal law, 29 U.S.C. §481(e), and the union's constitution.

After the local and national unions rejected her protests, Corner complained to the Secretary of Labor. After an investigation, the Secretary concluded that Engelhart and two other officers were eligible to run and that their election was valid. The Secretary

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

declined to take legal action against the union. Corner then sued the Secretary, lost in the district court, 2012 U.S. Dist. LEXIS 75742 (N.D. Ill. June 1, 2012), and appealed.

Section 402 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §482, requires the Secretary to investigate reports of election irregularities and decide whether to contest the result. *Dunlop v. Bachowski*, 421 U.S. 560 (1975), holds that a decision not to sue is reviewable. According to *Bachowski*, the Secretary must file suit if there is probable cause to believe that a violation of federal law probably affected the outcome of the election—and that, when deciding not to sue, the Secretary must provide the complainant with reasons for concluding that a probable violation or a probable effect has not been established. The Secretary concluded that the three candidates in question had paid their dues and were eligible to stand for office. (In a supplementary explanation on remand from the district court, the Secretary observed that one candidate's brief failure to pay dues was the union's fault rather than the candidate's, so that the omission, which had been cured, did not affect the candidate's eligibility.)

Corner's brief states that she does not want the court to order the Secretary to file suit to annul the election. This creates a potential question of standing, for if Corner does not seek the relief that *Bachowski* says a court can provide, what is this appeal about? Corner contends that she wants, not a suit by the Secretary, but copies of the three candidates' cancelled checks. The Secretary has declined to provide them, or evidence that the three candidates paid their dues in some other way. A dispute about the availability of information is a case or controversy within the judiciary's power, just as a suit under the Freedom of Information Act, 5 U.S.C. §552, seeking information in an agency's files is justiciable. Corner's problem, however, is that nothing in the text of §402 requires the Secretary to provide her with the information she seeks.

Section 402 requires the Secretary to investigate complaints and, when warranted, ask a district court to set aside the results of the election. *Bachowski* created a statement-of-reasons requirement to assist the court when the Secretary's decision is challenged. If, as here, the complainant does *not* challenge the Secretary's non-litigation decision, it is not apparent that a statement of reasons would serve any function. At all events, *Bachowski* was clear that the Secretary must give *reasons*, 421 U.S. at 571, not open the agency's files to disclose whatever evidence the complainant desires to see. A prosecutor (the Secretary occupies a prosecutorial role) needs to be able to promise confidentiality in order to gather information—especially when there is a deadline that may prevent resort to compulsory process. (Section 402(b) gives the Secretary only 60 days to investigate and decide whether to file suit.)

Even federal statutes that, unlike §402, create enforceable rights of access to information, have exceptions for material gathered in the course of pre-litigation investigations. For example, exemption 7 to the Freedom of Information Act, 5 U.S.C. §552(b)(7), blocks disclosure of information "compiled for law enforcement purposes" when disclosure would interfere with enforcement or invade personal privacy—and the sort of

information that Corner wants could do both. She has not cited any case holding that §402 or the doctrine of *Bachowski* can be used to get access to the contents of the Secretary's investigatory files. *Bachowski* requires a statement of reasons, nothing more, and we will not create additional legal obligations that cannot be found in either the statute or the Supreme Court's decision.

Corner's other arguments have been considered but do not require discussion.

AFFIRMED