**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided December 10, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2022

| | |
|---|---|
| MARIA PORCH-CLARK and MARY L. CORNER, *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 879 |
| JACKIE ENGELHART, et al., *Defendants-Appellees.* | Gary S. Feinerman, *Judge.* |

**O R D E R**

Mary Corner ran for president of her union's local in 2011 but lost to Jackie Engelhart. Twice now Corner has sued unsuccessfully to overturn Engelhart's victory, and in this appeal Corner and a supporter (a co-plaintiff in her second lawsuit)

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

challenge the denial of their post-judgment motion to vacate the dismissal of the second suit. This appeal is frivolous.

Corner and Engelhart belong to the American Postal Workers Union. After Engelhart was certified as the winner in their race for president of Northwest Illinois Area Local 7140, Corner protested to the local's election committee that Engelhart had been ineligible to run in the first place. The chairperson of that committee, Maria Porch-Clark, also publicly endorsed Corner's protest and, because of that bias, was removed from the committee by its other members. Those members rejected the protest, and their ruling was upheld by the national's election committee. Meanwhile, Porch-Clark had unilaterally pronounced Corner the winner of the disputed election, and Corner then protested her loss to the Secretary of Labor under Section 402 of the Labor-Management Reporting and Disclosure Act. *See* 29 U.S.C. § 482(a). When the Secretary declined to file a lawsuit challenging the election, Corner sought judicial review of that decision. She lost in the district court and again on appeal to this court. *See Corner v. Harris*, 519 F. App'x 942, 943 (7th Cir. 2013).

That should have been the end of the matter, but while her lawsuit against the Secretary was pending in the district court, Corner and Porch-Clark filed a separate action in state court against Engelhart and two other Local 7140 officers. The plaintiffs asked the state court to validate Porch-Clark's pronouncement that Corner had won the election, and to remove the defendants from office. The defendants removed the case to federal court, *see* 28 U.S.C. § 1441(a), and the district court dismissed the action because the Labor-Management Reporting and Disclosure Act prohibits union members from initiating a private lawsuit to challenge a union election.

Twenty-nine days after entry of judgment, Corner and Porch-Clark filed a motion under Federal Rule of Civil Procedure 60(b) asking the district court to set aside the dismissal. They did not file a notice of appeal from the underlying judgment, and their Rule 60(b) motion did not toll the 30 days allotted to do so. *See* FED. R. APP. P. 4(a)(4)(A)(vi); *Castro v. Bd. of Educ. of City of Chi.*, 214 F.3d 932, 934 & n.2 (7th Cir. 2000). We review the denial of a 60(b) motion only for abuse of discretion. *Willis v. Lepine*, 687 F.3d 826, 833 (7th Cir. 2012).

On appeal Corner and Porch-Clark argue the merits of the underlying dismissal of their complaint, but that issue is beyond the scope of this appeal. Moreover, their Rule 60(b) motion necessarily was groundless because, as the district court explained to them, their complaint itself is groundless. The Labor-Management Reporting and

Disclosure Act is the exclusive means of challenging a union election, and only the Secretary of Labor is authorized to initiate litigation under that legislation. *See* 29 U.S.C. §§ 482(a), 483; *Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers v. Crowley*, 467 U.S. 526, 540 (1984); *Denov v. Chi. Fed'n of Musicians, Local 10-208*, 703 F.2d 1034, 1037 (7th Cir. 1983). The Secretary has declined to do so, and we upheld that decision against Corner's challenge even before this appeal was filed. It is time for the plaintiffs to accept the Secretary's decision, and we warn them that more litigation over the 2011 election risks sanctions.

**AFFIRMED**.